**CHRISTIANSON v. WEST PUB. CO.**

**No. 22736–R.**

District Court, N. D. California, S. D.

Jan. 18, 1944.

T. L. Christianson, pro se.

Boyken, Mohler & Beckley and A. W. Boyken, all of San Francisco, Cal., for defendant.

ROCHE, District Judge.

The plaintiff has brought this action against the West Publishing Company, alleging infringement of the complainant's copyrighted map entitled "Directory Map of the National Reporter System" and seeking an injunction, accounting of profits and damages. The defendant has moved to dismiss the bill of complaint on the ground that it and the bill of particulars supplemental thereto, fail to state a claim upon which relief can be granted. It is this motion which is now before the court.

Pursuant to the defendant's motion for a bill of particulars a copy of plaintiff's copyrighted map and a copy of the alleged infringement were filed and thus became a part of the complaint. Rule 12(e), Rules of Civil Procedure, 28 U.S.C.A. following section 723c; Kentucky-Tennessee Light & Power Co. v. Nashville Coal Co., D.C., 37 F.Supp. 728.

When the court has an opportunity of comparing the two works in question in a copyright case, it has before it all necessary data to decide the question of infringement. Nichols v. Universal Pictures Corporation, 2 Cir., 45 F.2d 119; Lowenfels v. Nathan, D.C., 2 F.Supp. 73; Ornstein v. Paramount Productions, Inc., D.C., 9 F.Supp. 896.

The bill alleges that the defendant is engaged in the business of publishing law books including law reports designated as the National Reporter System; that the plaintiff created a map entitled and published as "Directory Map of the National Reporter System" and secured a copyright thereon in 1909, which copyright was renewed in 1937; that the defendant has published and distributed a calendar containing a map of the National Reporter System and that such map infringes plaintiff's copyright. The bill further alleges that the plaintiff first learned of defendant's publication on October 21, 1921, and

immediately notified defendant to cease such publication.

The National Reporter System of law reports was conceived by defendant West Publishing Company between the years 1879 and 1887. It is a system whereby the United States is divided into seven groups of states, designated as Atlantic, Northeastern, Northwestern, Pacific, Southern, Southeastern and Southwestern. The State court decisions in the states comprising each group are published in a volume bearing the name of that group. Plaintiff makes no claim to having originated this plan but only to having illustrated it by his copyrighted map.

Plaintiff has taken an outline map of the United States showing the states and Indian Territory as they existed in 1909. The states are divided into seven groups, numbered 1 to 7, each group appearing in a different color. In the lower left hand corner of the map is an explanatory key, as for example, "1. Atlantic 9S—1885, White", indicating that there are nine states in this group, colored white on the map, included in the Atlantic Reporter, published in 1885. Plaintiff's map is entitled "Directory Map of the National Reporter System".

■ Defendant has used a map of the United States including portions of Canada, Mexico and Lower California and with the Great Lakes, Atlantic and Pacific Oceans and Gulf of Mexico colored blue and named. Likewise included are rivers, mountains and cities and lines indicating various air line routes. None of these appear on plaintiff's map. The defendant has used an entirely different color scheme to mark the seven groups of states and has designated them by abbreviations, such as "Atl.", "Pac.", etc., instead of numbers. Defendant's map has no explanatory key in the lower left hand corner. Its similarity to plaintiff's map in ·the general outline of the United States and state boundary lines necessarily results from the fact that both parties used a map of the United States. Such fundamental map outlines are in the public domain and not subject to copyright.

■ It is apparent from this comparison of the two maps that plaintiff's has not been copied by the defendant. Plaintiff's original idea of illustrating defendant's National Reporter System is not entitled to protection. It is only his particular embodiment of that idea that can be copyrighted. Holmes v. Hurst, 174 U.S. 82, 86, 19 S.Ct. 606, 43 L.Ed. 904; Guthrie v. Curlett, 2 Cir., 36 F.2d 694; White-Smith Music Pub. Co. v. Apollo Co., 209 U.S. 1, 28 S.Ct. 319, 52 L.Ed. 655, 14 Ann.Cas. 628.

■ Nor is the use of arbitrary colors, numbers or symbols on a map, explained by reference to a key, a copyrightable feature. Perris v. Hexamer, 99 U.S. 674, 25 L.Ed. 308; Baker v. Selden, 101 U.S. 99, 100, 101, 25 L.Ed. 841; S. S. White Dental Co. v. Sibley, C.C., 38 F. 751.

■ To constitute infringement there must be a substantial copy of the whole or of a material part of the copyrighted work. Mere similarity resulting from the character of the publication and the object for which it was intended is not enough. As the court said in Emerson v. Davies, 8 Fed.Cas. 615, 625, Fed.Cas. No. 4,436: "It has been truly said, that the subject of both of these works is of such a nature that there must be close resemblances between them. But the real question on this point, is, not whether such resemblances exist, but whether these resemblances are purely accidental and undesigned, and unborrowed, because arising from common sources accessible to both authors, and the use of material open equally to both; whether, in fact, the defendant Davies used the plaintiff's work as his model, and imitated and copied that, and did not draw from common sources or common materials."

■ Here both parties, independently, went to common sources for their maps, using coloring which has always been associated with maps, and the novelty, if any, in plaintiff's map, that is, the state grouping, originated with defendant, as part of the West Publishing Company's National Reporter System, and not with plaintiff.

It follows that the defendant has not infringed the plaintiff's copyright and defendant's motion to dismiss the bill of complaint will accordingly be granted, together with costs in accordance with 17 U.S.C.A. § 40.

After the costs are taxed, a final decree dismissing the complaint on the merits, with costs, may be presented for signature on notice.