## AMSTERDAM v. TRIANGLE PUBLICATIONS, Inc.

### Appeal of AMSTERDAM.

### Appeal of TRIANGLE PUBLICATIONS, Inc.

### Nos. 10340, 10348.

United States Court of Appeals
Third Circuit.

Argued Feb. 20, 1951.

Decided May 25, 1951.

Joseph G. Denny, Jr., Philadelphia, Pa., for plaintiff.

Harold E. Kohn, Philadelphia, Pa. (Dilworth, Paxson, Kalish & Green, Philadelphia, Pa., on the brief) for Triangle Publications, Inc.

Before MARIS, McLAUGHLIN and HASTIE, Circuit Judges.

MARIS, Circuit Judge.

The plaintiff appeals from a judgment of the District Court for the Eastern District of Pennsylvania dismissing his complaint which sought damages for the infringement by the defendant of the copyright of a map of Delaware County, Pennsylvania. The plaintiff, who does business under the trade name Franklin Survey Company, is a publisher of maps. He published and copyrighted the map in question in 1932. The defendant is the publisher of The Philadelphia Inquirer, a newspaper of large circulation. In the Sunday issue of The Philadelphia Inquirer of January 13, 1946, in a section known as "Everybody's Weekly", the defendant published a map of Delaware County in connection with an historical article relating to the county. The plaintiff's suit is based upon the publication of this map by the defendant which, he asserts, was copied from his previously copyrighted map. The defendant concedes the copying but contends that the plaintiff's map was not entitled to copyright, that the copyright is accordingly invalid, and that it was, therefore, free to copy the map. Whether the map was copyrightable is the sole question presented by the plaintiff's appeal.

Upon evidence which we regard as amply sufficient the district court made the following findings of fact with respect to the manner in which the plaintiff's map was prepared:

"10. To make this map, the plaintiff studied every map of Delaware County that he could find.

"11. Neither the plaintiff nor anyone on his behalf made any actual surveys or investigations of any roads, county lines, township lines, creeks, rivers or railroad lines. All this information was obtained from other maps in the plaintiff's possession or in the possession of the township and municipal authorities.

"12. The state highway route numbers were obtained from the State Highway Department.

"13. With the exception of the names of a few very small secondary roads, which were obtained from the real estate developers, all information shown on the plaintiff's map came from maps already in existence, although none of this information had been published previously on any one map.

"14. The plaintiff spent considerable time and effort to assemble and prepare this information for publication but did very little, if any, original work."

In considering the factual situation thus disclosed the opinion of the district court filed by Judge Bard, 93 F.Supp. 79, 82, states:

"The issue raised by these facts is whether the plaintiff did sufficient original

work to entitle his map to copyright protection.

"To be copyrightable a map must be the result of some original work. Andrews v. Guenther Pub. Co., D.C., 60 F.2d 555, 557; General Drafting Co., Inc., v. Andrews, et al., 2 Cir., 37 F.2d 54, 56; 34 Am.Jur. 454–455; 18 C.J.S., Copyright and Literary Property, § 116, p. 233.

"The actual original work of surveying, calculating and investigating that was done by the plaintiff in order to make his map was so negligible that it may be discounted entirely.

"What the plaintiff did was to study the United States Geological Survey Maps, the Pennsylvania Department of Highways Maps, the maps prepared and owned by the various townships and municipalities, and all other maps which he could find. Primarily, he studied the maps published by governmental authorities. He then prepared, from the information shown on these maps, a large map of Delaware County. From this large map, he next designed and published the small map involved in this case.

"To make his map, the plaintiff had to determine only what information he was going to use from other maps, the emphasis to be given to that information and the coloring scheme and symbols he was going to use. When he finished, his map by comparison was a new map that contained some information that was not on any one of his base maps but was collectively on all of these maps.

"Is this exercise of judgment and discretion by the plaintiff the type of original work that is intended to be protected by the Copyright Act? I think not.

"The location of county lines, township lines and municipal lines is information within the public domain, and is not copyrightable. Christianson v. West Pub. Co., 9 Cir., 149 F.2d 202, 203; Sawyer v. Crowell Pub. Co., D.C., 46 F.Supp. 471, 474. Likewise, information in government publications is within the public domain and not subject to copyright. Andrews v. Guenther Pub. Co., supra. Nor can the plaintiff copyright the arbitrary color schemes, symbols or numbers that he uses on his map. Christianson v. West Pub. Co., D.C., 53 F.Supp. 454, 455.

"All that remains is the plaintiff's method of presenting this information. The presentation of ideas in the form of books, movies, music and other similar creative work is protected by the Copyright Act. However, the presentation of information available to everybody, such as is found on maps, is protected only when the publisher of the map in question obtains originally some of that information by the sweat of his own brow. Almost anybody could combine the information from several maps onto one map, but not everybody can go out and get that information originally and then transcribe it into a map.

"The plaintiff's reputation as a qualified map maker cannot make copyrightable maps for him. He, or his agents, must first do some original work, get more than an infinitesimal amount of original information. With no reflection whatsoever upon the plaintiff's ability as a map maker or upon other maps published and copyrighted by the plaintiff, it seems to me that the plaintiff's map entitled 'Map of Delaware County, Pa.' is, for lack or original work, not subject to copyright."

We find ourselves in complete accord with the views thus expressed by Judge Bard. We think there is no doubt that in order for a map to be copyrightable its preparation must involve a modicum of creative work. Judge Knox of the District Court for the Southern District of New York so held in Andrews v. Guenther Pub. Co., 1932, 60 F.2d 555, after reviewing the authorities and we have been referred to no authority to the contrary. Moreover we regard the rule as in accord with the spirit and intent of Article I, Section 8, clause 8, of the Constitution which is the basic authority for the granting of copyrights. Applying the rule to the facts of this case the district court did not err in concluding that the necessary amount of creative work to justify the copyright of the plaintiff's map had not been shown. It follows that the district court properly dismissed the complaint.

In one respect, however, the judgment entered by the district court must be modified upon the defendant's appeal. The judgment provided that each party should bear its own costs. Title 17, United States Code, § 116, however, provides that in all actions under the copyright laws, except when brought by or against the United States, full costs shall be allowed. It was, therefore, mandatory for the district court to grant full costs to the defendant. In addition to costs the defendant asked the district court to award it counsel fees and this award likewise was refused. Under § 116, however, the award of counsel fees is discretionary with the district court. We find no abuse of discretion here in refusing such an award.

The judgment of the district court will be modified so as to award full costs to the defendant and as so modified will be affirmed.