COUNTY OF VENTURA, Appellant,

v.

O. V. BLACKBURN, Appellee.

No. 20275.

United States Court of Appeals
Ninth Circuit.

June 14, 1966.

Woodruff J. Deem, Dist. Atty., Herbert L. Ashby, Asst. Dist. Atty., Karl H. Bertelsen, Deputy Dist. Atty., Ventura, Cal., for appellant.

George R. Maury, Los Angeles, Cal., for appellee.

Before CHAMBERS and JERTBERG, Circuit Judges, and THOMPSON, District Judge.

JERTBERG, Circuit Judge.

Before us is an action for damages for infringement of copyright in a map, and for an injunction under 17 U.S.C. § 101.

Jurisdiction is vested in the District Court under 17 U.S.C. § 101 and 28 U.S.C. § 1338.

Plaintiff below, appellee in this court, is the proprietor of a certain map of Ventura County, California, entitled "Blackburn's Map of Ventura County, copyrighted, compiled and published by O. V. Blackburn."

Defendant below, appellant in this court, is a political subdivision of the State of California.

Trial of said action was to the court. The District Court held that plaintiff Blackburn had a copyright in the map under the laws of the United States, and that the defendant, County, had infringed that copyright by failing to affix a notice of Blackburn's copyright to copies of the map reproduced by the County under an agreement with Blackburn. Injunctive relief was denied and damages were awarded against the County and in favor of Blackburn in the amount of $13,100.00. During the trial, in open court, Blackburn waived any and all claims for damages resulting from any profit which may have been made by the County in the sale of said maps. The District Court further held the case was not a proper one for the award of attorney's fees to either party.

A summary of the salient facts, taken from the admitted facts appearing in the pretrial conference order, the findings of fact made and entered by the District Court, and the reporter's transcript, may be stated as follows:

Before July of 1956, plaintiff spent time and effort to compile, collate, assemble, draft and prepare the information depicted on Blackburn's Map of Ventura County, at a cost of $7,500.00. Road and street data was taken from the government maps and other sources. Identification of owners and land parcels were taken from the Ventura County Assessor's records, errors appearing in said records were corrected in the map. Rivers, canyons, creeks, drainage channels and other physical data were taken from aerial photographs, United States topographical maps, and other sources. The

various legal descriptions of boundaries of cities, etc., were checked against the records of the County of Ventura. All of the information depicted on the map is available to the public from the County terrain, public records, maps and documents. Blackburn did the work of assembling, preparing, collating and compiling all of the information in creating the map.

On May 1, 1954, Blackburn published copies of the map with copyright notices affixed and thereby claimed protection of the Copyright Act.

On July 17, 1956, Blackburn and the County entered into a written agreement, a copy of which is set forth as an Appendix to this opinion. The contract was drafted by counsel for the County. It was stipulated in the pretrial order and found by the court to be a valid, legal and binding contract between the parties, and is the only and entire agreement between the parties.

The essence of the agreement may be stated as follows:

The recitals set forth that Blackburn is the proprietor of the map entitled "Blackburn's Map of Ventura County, copyrighted, compiled and published by O. V. Blackburn"; that the County desired to obtain a duplicate tracing of said map together with the right to produce said map for use by the County Surveyor and for sale to the public; Blackburn granted and sold to the County: (1) "the right to obtain duplicate tracings on linen from the photographic negatives of Blackburn's Map of Ventura County" at its own expense, which tracings would be the property of the County; (2) "the right to reproduce from said duplicate tracings any and all maps necessary for County use"; and (3) "the right to sell prints of said duplicate tracings to the public at such prices as may be determined by County."

County agreed to pay as full consideration for the rights granted and sold the sum of $1,900.00, which amount was paid. The contract specifically provided that nothing therein contained shall be deemed or construed to restrict the right of Blackburn to sell reproductions of the map to the public in Ventura County or elsewhere.

Each and all the map negatives of Blackburn's Map of Ventura County, which were furnished to the County under the agreement, contained statutory notices of copyright. The linen tracings of the negatives of the map were prepared for and at the expense of the County, and did not contain copyright notices. Maps sold by the County up to June, 1964, were made from these tracings and such maps so sold did not contain copyright notices.

About June 7, 1963, Blackburn notified the County that all maps sold by it should carry a notice of Blackburn's copyright. In June of 1964 the County affixed copyright notices reading: "Copyright 1954. O.V.Blackburn" to the Cronaflex sheets of the map from which copies were reproduced and printed, and devised means by which it ensured that every portion reproduced in the future will contain a copyright notice.

The County has corrected errors, added to, updated, and kept current the information depicted on the master copies of the map in the County's possession since July 17, 1956. There have been changes made in the County's master copies indicating property ownership, the location of roads, streets, drains and other improvements, and subdivisions in the area of the County of Ventura covered by the map from 1954 to 1964. Copies of the map sold by Blackburn have not been updated since 1956. County sold copies of the map for $15.00 and Blackburn sold them for $70.00. The County sales during the statutory period from October 1961 through June 1964, totalled $3,-888.00.

The court found that the reasonable market value of the copyright on July 17, 1956 was the sum of $15,000.00, and that the damage suffered by the plaintiff due to the infringement by defendant was the value of said copyright as of July 17, 1956 less the said sum of $1,900.00 paid by the County to Blackburn in considera-

tion for rights sold and granted under the agreement.

As conclusions of law the court concluded:

## "I

"That the map compiled and created by the plaintiff, which is the subject of this action, did and does contain sufficient original and creative work to be copyrightable under the laws of the United States and that the copyright of the Plaintiff is a valid and subsisting copyright and has been since 1954, the date of the first publication of said maps.

## "II

"That the contract involved herein is interpreted by the Court to be a license to publish a copyrighted work and that the meaning and legal effect of these words in the contract: Plaintiff is 'the owner and proprietor of a certain map of Ventura County, California, titled "Blackburn's Map of Ventura County, copyrighted, compiled and published by O. V. Blackburn," ' is that the map which has been introducd into evidence herein as Plaintiff's Exhibits 2A, B, C, D, E, F, G and H, is the subject matter of the contract; that said contract contains implied covenants on the part of the Defendant not to use the portion of the copyright estate not granted to it by said contract to the detriment or to the destruction of the copyright estate, and that a positive duty exists on the part of the Defendant under said contract and under Section 10 of the Copyright Act to affix a notice of Blackburn's copyright upon and to each copy of the map reproduced by the Defendant, each copy used by the Defendant and each copy sold by the Defendant.

## "III

"That the contract implicitly requires the Defendant to exercise good faith in the performance thereof and to do nothing whatsoever that would injure or destroy the value of the copyright to the Plaintiff and that the Plaintiff, reciprocally has the same duty to the Defendant with respect to the subject matter of said contract.

## "IV

"That each party is bound by an implied covenant within said contract to put the required statutory copyright notice on each and every copy of the map by either party reproduced, published, sold or used, as required by the Copyright Act.

## "V

"That the breach of the implied covenants to affix copyright notices constitutes an infringement of the copyright and has constituted such an infringement as to make the Defendant liable for damages.

## "VI

"That the Plaintiff has not forfeited his copyright to the public domain or otherwise by authorizing the Defendant to reproduce and sell copies of the map without exacting a promise from the Defendant to affix notices of the Plaintiff's copyright to each copy of the map reproduced by Defendant under the contract of July 17, 1956.

## "VII

"That lack of intent to infringe does not excuse legal liability for omitting the copyright notice from maps reproduced, copied, published and sold by the Defendant from the copyrighted map, the subject of this action.

## "VIII

"That the work of the Defendant performed in changing, correcting and updating the said map over the years since 1956 has no bearing upon the issue of infringement or damages to the Plaintiff.

## "IX

"That since no present threat appears that future infringements will

be committed by the Defendant, no injunctive relief is presently necessary or advisable.

"X

"That no estoppel lies to prevent the Defendant from asserting any attack upon the validity of the copyright; and that the Defendant has not in any wise caused a forfeiture of Plaintiff's copyright to the public domain.

"XI

"That the Plaintiff is entitled to judgment for damages in the full sum of $13,100.00 together with his costs herein expended.

"Let Judgment be entered accordingly."

On this appeal County contends that the District Court erred:

1. In holding that Blackburn's map is copyrightable as a matter of law;

2. In holding that the County is obligated as a matter of law to affix copyright notices to every copy of the map reproduced by the County under the contract with Blackburn;

3. In finding that the damages to Blackburn due to the infringement by the County were in the amount of thirteen thousand and one hundred dollars (13,100) in that the court failed to apportion the amount of damages caused by the absence of copyright notices and the amount of damages caused by other factors.

Appellant's first specification of error presents the question as to whether Blackburn's Map of Ventura County is copyrightable. The District Court found among other facts the following:

"VII

"Before July, 1956, Plaintiff spent time and effort to compile, collate, assemble, draft and prepare the information depicted on Blackburn's Map of Ventura County. Road and street data was taken from government maps and other sources. Identification of own-

ers and land parcels were taken by Plaintiff from the Ventura County Assessor's records. River, canyon, creek, drainage channel and other physical data were taken from aerial photographs, the U. S. Government topographical maps and from other government maps and other sources. The various legal descriptions of boundaries of cities, etc., were checked up from the records of the County of Ventura. Although all of the information depicted on the map is available to the public from the County terrain, public records, maps and documents, Mr. Blackburn did the work of assembling, preparing, collating and compiling all of the information in the creation of one map."

Among its conclusions of law the District Court concluded:

"I

"That the map compiled and created by the plaintiff, which is the subject of this action, did and does contain sufficient original and creative work to be copyrightable under the laws of the United States and that the copyright of the Plaintiff is a valid and subsisting copyright and has been since 1954, the date of the first publication of said maps."

We also note the testimony of Blackburn, as follows:

"I started the creation of Blackburn's Map of Ventura County in 1938. The map was made at 600 ft. scale. It had to be drawn, scaled with a great degree of accuracy and was considered fine. After the map was drawn, and after many months of drafting and making the map, other things such as roads, canals, etc., had to be placed on the map. A large percentage of the roads and streets were taken from government maps. Identification of owners and parcels were taken from the Ventura County Assessor's records by me and were compiled personally by me. In addition, there were rivers, the Santa Clara River, for instance, was taken from aerial photographs of the

U. S. Government maps, and canyons, creeks, drainage channels from government maps. In addition to making the map originally and checking up various legal descriptions of boundaries of cities, etc., they did not agree with photographic information I had and which I had found were incorrect on the Ventura County maps and afterwards submitted five or more of these discrepancies of the county's surveyor."

■■ Maps are subject to copyright protection under 17 U.S.C. § 5(f). It is unquestioned that Blackburn fully complied with all procedural requirements. The fact that the source of the material for the map is in the public domain does not void the copyright, but is subject to the requirement of originality and creativity. In such case copyright protection is limited to the new and original contribution of the map maker. See Axelbank v. Rony, 277 F.2d 314 (9th Cir. 1960). "To be copyrightable a map must be the result of some original work." Amsterdam v. Triangle Publications, 189 F.2d 104 (3d Cir. 1951). See also Alfred Bell & Company v. Catalda Fine Arts, 191 F.2d 99 (2d Cir. 1951).

There is a strnog inference in the above quoted testimony that some of the material in the map was obtained by Blackburn's observations on the terrain, which resulted in his correction in the map of errors appearing in some of the maps which were in the public domain.

In our view the District Court did not err in finding Blackburn's map copyrightable. Since the District Court's conclusions that the map contained sufficient original and creative work to be copyrightable, and that Blackburn's copyright was valid, find sufficient support in the record, we need not concern ourselves with appellant's contention that the District Court erred when he stated that the map was copyrightable because the information on the map was copied from three or more sources in the public domain.

■ We find no merit in appellant's second specification of error. The Coun-

ty's right under the contract with Blackburn was "the right to obtain duplicate tracings on linen from the photographic negatives of Blackburn's Map of Ventura County." The District Court found on sufficient evidence "that each and all of the map negatives of plaintiff's map of Ventura County which the plaintiff provided to the County under the contract between the parties did contain statutory notices of copyright." No right was granted the County to use or sell any map other than duplicate tracings on linen from the photographic negatives. Hence, the District Court did not err in holding the County obligated to affix copyright notices to every copy of the map to be reproduced by the County under the contract with Blackburn, nor in holding that the conduct of the County in selling or using copies of the maps without the copyright notices affixed constituted infringement of the copyright.

We believe that the District Court erred in finding damages to Blackburn due to the infringement by the County in the amount of $13,100.00.

17 U.S.C.A. § 101, in parts relevant to this case provides:

"§ 101. Infringement

"If any person shall infringe the copyright in any work protected under the copyright laws of the United States such person shall be liable:

"(a) Injunction.— * * * ;

"(b) Damages and profits; amount; other remedies.—To pay to the copyright proprietor such damages as the copyright proprietor may have suffered due to the infringement, * * *, or in lieu of actual damages and profits, such damages as to the court shall appear to be just, and in assessing such damages the court may, in its discretion, allow the amounts as hereinafter stated, * * *, and such damages shall in no other case exceed the sum of $5,000 nor be less than the sum of $250, and shall not be regarded as a penalty. But the foregoing exceptions shall not deprive the copyright proprietor of any other remedy given him

under this law, nor shall the limitation as to the amount of recovery apply to infringements occurring after the actual notice to a defendant, either by service of process in a suit or other written notice served upon him.

"First. * * * ;

"Second. In the case of any work enumerated in section 5 of this title, except a painting, statue, or sculpture, $1 for every infringing copy made or sold by or found in the possession of the infringer or his agents or employees;

"Third. * * * ;

"Fourth. * * *."

█ The Court found that the reasonable market value of the copyright on July 17, 1956, was the sum of $15,000.00. We are satisfied that the record supports such finding. The Court further found that the damage suffered by the plaintiff [appellee] due to the infringement by the defendant [appellant] was the market value of said copyright as of July 17, 1956. From such amount the Court deducted the sum of $1900.00 paid by the County to Blackburn in consideration for the rights sold and granted under the agreement.

█ We recognize that we must view the record in the light most favorable to sustain the judgment, and the findings of fact of the District Court must be sustained by us unless "clearly erroneous." Notwithstanding such admonitions, our review of the record convinces us that the finding of the District Court that the damage suffered by the plaintiff due to the infringement was the value of said copyright as of July 17, 1956, is without sufficient evidentiary support.

"A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Company, 333 U.S. 364, at 395, 68 S.Ct. 525, at 542, 92 L.Ed. 746 (1948).

We entertain the definite and firm conviction that a mistake was committed in finding that the damage suffered by the plaintiff, due to the infringement by the defendant, was the value of said copyright unencumbered by the agreement. It appears to us that in fixing damages due to infringement in the amount of the market value of the unencumbered copyright, the District Court failed to take into consideration the extent to which the fair market value of the copyright was necessarily affected by the rights granted to the County under the agreement.

Under the agreement, Blackburn granted to the County the right to obtain duplicate tracings on linen from photographic negatives of Blackburn's map; the right to produce from said duplicate tracings any and all maps necessary for County use; and the right to sell prints of said duplicate tracings to the public at such prices as the County fixed. The contract contained no restrictions as to the geographic territory or the duration of said rights, and there was no requirement for the payment of periodic royalties. The foregoing rights were acquired at the time of the execution and delivery of the contract on July 17, 1956. The commencement of the infringement occurred after such rights were granted to the County, hence any diminution in market value resulting from the grant of such rights to the County cannot be due to the infringement.

█ While the Court properly concluded that Blackburn did not forfeit his copyright to the public domain by the agreement with the County, nevertheless, his exclusive right to reproduce and sell copies of the map protected by the copyright was seriously diminished by the rights granted the County under the agreement to reproduce and sell the copyrighted map.

Blackburn's opinion that the copyright was "just as valuable" after the sale to the County is entitled to little, if any, weight in light of the fact that when asked whether the value of the copyright was reduced by the sale of rights to the County, Blackburn stated: "Not if they

hadn't undersold me." In this connection it is to be noted that under the agreement the County was under no obligation to sell the copies of the map at any fixed price. It could lawfully have given away the maps reproduced by it so far as Blackburn was concerned. The fact that the County did not offer opinion evidence as to the fair market value of the copyright, unencumbered by the agreement, cannot justify under the record before us a finding that Blackburn was damaged due to the infringement in the amount of the market value of the copyright unencumbered by the agreement.

That part of the judgment awarding plaintiff damages due to the infringement in the amount of $13,100.00 is vacated and set aside, and the cause is remanded to the District Court for a rehearing and redetermination limited to the issue of the damages suffered by the plaintiff due to the infringement. In all other respects the judgment appealed from is affirmed.

## APPENDIX

---

### AGREEMENT TO REPRODUCE MAP OF VENTURA COUNTY

WHEREAS, O. V. BLACKBURN is the proprietor of a certain map of Ventura County, California titled "Blackburn's Map of Ventura County, copyrighted, compiled and published by O. V. Blackburn", and

WHEREAS, it is the desire of the COUNTY OF VENTURA, California to obtain a duplicate tracing of said map, together with the right to reproduce said map for use by the County Surveyor and for sale to the public,

NOW, THEREFORE, the COUNTY OF VENTURA, California, hereafter called County, and O. V. BLACKBURN, 6400 West Boulevard, Los Angeles, California, hereafter called Blackburn, agree as follows:

1. Blackburn grants and sells to County the right to obtain duplicate tracings on linen from the photographic negatives of Blackburn's Map of Ventura County. County shall bear the expense of making such duplicate tracings. Upon completion said duplicate tracings shall be the property of County.

2. Blackburn grants and sells to County the right to reproduce from said duplicate tracings any and all maps necessary for County use.

3. Blackburn grants and sells to County the right to sell prints of said duplicate tracings to the public at such prices as may be determined by County.

4. County agrees to pay Blackburn the sum ONE THOUSAND NINE HUNDRED DOLLARS ($1,900) as full consideration for the rights herein granted and sold.

5. Nothing contained in this agreement shall be deemed or construed to restrict the right of Blackburn to sell reproductions of Blackburn's Map of Ventura County to the public in Ventura County or elsewhere.

DATED this 17th day of July, 1956.
    COUNTY OF VENTURA
    By /s/ L. A. Price
        Chairman
      Board of Supervisors, County of Ventura, State of California
ATTEST:
L. E. HALLOWELL, County Clerk
of the County of Ventura and
ex officio Clerk of the Board
of Supervisors thereof.
By /s/ Shirley Weeks
    Deputy Clerk
      /s/ O. V. Blackburn
      /t/ O. V. Blackburn
(COUNTY SEAL)