**M. Dale NEWTON, Plaintiff,**

v.

**Robert VORIS, Defendant.**

Civ. No. 72-231.

United States District Court,
D. Oregon.

July 2, 1973.

Ben Lombard, Jr., Hampton & Lombard, Ashland, Or., for plaintiff.

Gerald J. Scannell, Jr., Ashland, Or., for defendant.

OPINION

BURNS, District Judge:

Plaintiff brought this action for infringement of his copyright on a series of maps of the City of Ashland, Oregon. This Court has original and exclusive jurisdiction, pursuant to 28 U.S.C. § 1338(a) (1970). Maps are a specified class of material recognized as subject to copyright, 17 U.S.C. § 5(f) (1970); see Maps or Charts as Protected by Copyright Under Federal Copyright Act, 4 A.L.R. Fed. 466 (1970); cf. Copyright —Fair Use Doctrine, 23 A.L.R.3d 139, 274-281 (1969). Where there has been registration pursuant to 17 U.S.C. §§ 1-32 (1970), then a holder of the copyright may maintain proceedings for infringement, pursuant to 17 U.S.C. §§ 101-116 (1970).

The parties tried the case on March 7th and 8th, 1973, before the Court in Medford session. After closing argument, the Court rendered an oral opinion on some of the issues before it. The Court made three findings of fact: (1) the two maps of Ashland, which the Defendant had printed and then circulated (Plaintiff's Exhibit Nos. 6 and 7), are "substantially similar" to maps drafted by the Plaintiff; (2) the "source map" for the Defendant's maps was either, (a) the map of Ashland prepared by the Plaintiff in 1968 (Plaintiff's Exhibit No. 2), and recorded on the Register of Copyright under Registration No. F 49401 on August 15, 1969 (Plaintiff's Exhibit No. 1), or, (b) the modified, reissue of the 1968 map prepared by the Plaintiff on the order of Red Arrow Realty (Plaintiff's Exhibit No. 3); and (3) the Defendant had published and circulated 5,000 copies of his maps. The Court concluded that the Plaintiff's registration of the 1968 map complied with the statutory requirements, 17 U.S.C. §§ 1-32 (1970).

In his testimony the Plaintiff conceded an error in the date, 1969, placed within his logotype indicating the Plaintiff's claim for copyright on the

Red Arrow Realty map. The map was ordered and printed in the autumn of 1969, but the map was only a modified reprint of the 1968 map. The Plaintiff did not attempt to extend the term of his copyright, but used the later date to reflect the date of printing. The Plaintiff incorporated his continuing revision of the 1968 map into a *Highway and Street Guide for Jackson County* (Plaintiff's Exhibit No. 5), recorded on the Register of Copyright under Register No. F 50837 in 1970 (Plaintiff's Exhibit No. 4).

In its oral opinion, the Court concluded that the Plaintiff had complied with the statutory requirements for a copyright to the 1968 map. The Court reserved the question of whether the error in date printed within the Plaintiff's notice of copyright, his logotype, on the Red Arrow Realty map was sufficient to preclude the Plaintiff from claiming the protection of the copyright obtained by the registration under No. F 49401 in 1968 (Plaintiff's Exhibit No. 1).

Based upon the uncontradicted testimony of the Plaintiff, the Court finds that the Plaintiff's error in dating the logotype was innocent. Such an erroneous but innocent statement, as to the original publication date, would not invalidate the notice of copyright under 17 U.S.C. § 105 (1970), Key West Hand Print Fabrics, Inc. v. Serbin, Inc., 269 F.Supp. 605, 609–611 (S.D.Fla.1965), aff'd, 381 F.2d 735 (5th Cir. 1965) (per curiam). The Court concludes that Plaintiff's Red Arrow Realty map is entitled to protection against infringement of copyright under the 1968 registration, pursuant to 17 U.S.C. §§ 101, 104 (1970).

■ The Plaintiff printed a second map for Red Arrow Realty (Defendant's Exhibit No. 40). The second map is printed on both sides. On one side there is a reprint of the prior maps of Ashland. On the reverse side there is a map of the Phoenix and Talent area of Southern Oregon. The Plaintiff placed his logotype with the date 1969 on the reverse side. He filed his application for Registration of a Claim to Copyright under Registration No. F 54855 (Defendant's Exhibit No. 30) on November 1, 1972. The application states that the map of Ashland is a reprint of prior material but that the Plaintiff sought to copyright the reverse side, the new material being a revised map of the Phoenix and Talent area.

Defendant argues that the Plaintiff's delay, in recording this claim for copyright until after the initiation of this action, precluded the Plaintiff from maintaining this action for infringement of copyright pursuant to 17 U.S.C. § 13 (1970). In the oral opinion at the close of the trial the Court made a finding of fact that the "source map" was either the 1968 map of Ashland (Plaintiff's Exhibit No. 2), or the 1969 map of Ashland (Plaintiff's Exhibit No. 3). This finding precludes consideration of the second Red Arrow Realty map (Defendant's Exhibit No. 40) as a source map.

Even if there had been a delay in the registration of Plaintiff's 1968 map, such a delay would not bar Plaintiff from bringing such an action for infringement of copyright, Frederick Chusid & Co. v. Marshall, 326 F.Supp. 1043, 1063–1064 (S.D.N.Y.1971), citing Washingtonian Publishing Co. v. Pearson, 306 U.S. 30, 59 S.Ct. 397, 83 L.Ed. 470 (1939).

■ The ultimate question in this case is whether the map printed by the Plaintiff in 1968 (Plaintiff's Exhibit No. 2), and recorded in the Registration of Copyright under No. F 49401 (Plaintiff's Exhibit No. 1), is "copyrightable." In its oral opinion, the Court reserved expressly this issue. The Court characterized it as either a mixed question of both fact and law or as comprising two questions.

Under either analysis, the Ninth Circuit has established the standard to be applied by this Court.

"Maps are subject to copyright protection under 17 U.S.C. § 5(f) . . . . The fact that the source

of the material for the map is in the public domain does not void the copyright, but is subject to the requirement of originality and creativity. In such case copyright protection is limited to the new and original contribution of the map maker. See Axelbank v. Rony, 277 F.2d 314 (9th Cir. 1960). 'To be copyrightable a map must be the result of some original work.' Amsterdam v. Triangle Publications, 189 F.2d 104 (3d Cir. 1951). See also Alfred Bell & Company v. Catalda Fine Arts, 191 F.2d 99 (2d Cir. 1951).

"There is a strnog (sic.) inference in the above quoted testimony that some of the material in the map was obtained by Blackburn's observations on the terrain, which resulted in his correction in the map of errors appearing in some of the maps which were in the public domain.

"In our view the District Court did not err in finding Blackburn's map copyrightable. Since the District Court's conclusions that the map contained sufficient original and creative work to be copyrightable, and that Blackburn's copyright was valid, find sufficient support in the record, we need not concern ourselves with appellant's contention that the District Court erred when he stated that the map was copyrightable because the information on the map was copied from three or more sources in the public domain." County of Ventura v. Blackburn, 362 F.2d 515, 520 (9th Cir. 1966).

This Court must determine whether the Plaintiff met the "requirement of originality and creativity" such that his map "contained sufficient original and creative work to be copyrightable, . . ." *Id.*

In his testimony, the Plaintiff described the process of map making. He explained that his maps become obsolete within approximately two years because of the rate of development in Southern Oregon. From the initial attempt to prepare a map of Ashland, the Plaintiff has combined personal research in the records of public authorities with personal investigations as to the actual location of new buildings, streets and suburban developments. The Plaintiff has experimented with selective numbering of streets, varying typefaces and the means of representing the streets, in order to improve the legibility and clarity of his maps. The process of map making has required a constant effort to revise the information in order that the Plaintiff might produce current maps. This process requires, and has received, the individual efforts of the Plaintiff to produce original work and the exercise of his creative faculties.

I find and hold that the 1968 map was "copyrightable" and registered under a valid claim of copyright. The map reflects both the original investigations of the Plaintiff and the expression of his creative faculties in drafting an original representation of the streets in the area of the City of Ashland. I therefore find and hold that Defendant infringed Plaintiff's valid copyright.

In April, after the close of the trial and the oral opinion, the Defendant moved to reopen the case and to permit the submission of new evidence bearing on the issue of originality. After oral argument on April 30, 1973, the Court took the matter under advisement. In reaching the conclusion stated in this opinion, the Court has also considered the additional evidence tendered by the Defendant with his motion. To that extent the Defendant's motion has been granted.

The Court will reserve the two outstanding questions until the next calendar in Medford. At that time the Court will consider any written submissions or oral argument, and, if necessary, any additional testimony as to (1) what damages are to be awarded to Plaintiff, pursuant to 17 U.S.C. § 101(b) (1970), and (2) whether Plaintiff is entitled to the award of attorney's fees as part of his costs, pursuant to 17 U.S.C. § 116 (1970), and, if so, in what amount.