**ALASKA MAP SERVICE, INC.,**
Plaintiff,

v.

**Marjorie ROBERTS, d/b/a Marjorie Roberts Publication and Alaskan Arctic Publications, Defendant.**

**Civ. No. A–151–73.**

United States District Court,
D. Alaska.

Dec. 21, 1973.

Keith A. Goltz of Cole, Hartig, Rhodes & Norman, Anchorage, Alaska, for plaintiff.

Eugene V. Miller, Fairbanks, Alaska, for defendant.

## MEMORANDUM AND ORDER

*VON DER HEYDT, Chief Judge.*

This matter comes before the court on cross motions for preliminary injunction.

The Court has jurisdiction pursuant to 28 U.S.C. § 1338 and 17 U.S.C.A. § 101.

Plaintiff commenced this action seeking an injunction and damages for the alleged infringement of a copyright held

by plaintiff to certain street maps. The maps were copyrighted by plaintiff in 1970 and 1973. Defendant counterclaimed on the theory that plaintiff had violated a copyright held by defendant to another street map of the Anchorage area. Defendant's map was copyrighted in 1968.

Oral argument was heard on December 17, 1973. At the hearing both parties submitted exhibits. Of particular significance were plaintiff's exhibits A and C, both of which conclusively indicated that plaintiff's maps of 1970 and 1973 had been copied by defendant. The exhibits showed a significant number of identical errors which were common to both plaintiff's maps and those sold in 1970–1973 by defendant.

Also of significance is a certified copy of defendant's 1968 map. The 1968 map was certified by the Copyright Office. A side-to-side comparison of defendant's 1968 map with plaintiff's 1970 and 1973 maps makes clear beyond doubt that plaintiff did not copy or infringe in any way the 1968 map. Thus, defendant's cross-motion for injunctive relief is not well taken.

Accordingly, the issues before the Court are narrowed to those of infringement of the copyrights to plaintiff's 1970 and 1973 maps. However, before that issue can be reached, a critical threshold issue exists which must be resolved. That issue is whether plaintiff's maps were eligible for copyright protection. If they were not, obviously defendant could copy the plaintiff's maps without violating the federal copyright statute, 17 U.S.C.A. § 101.

■ The leading case on the issue of whether a map is copyrightable is Amsterdam v. Triangle Publications, Inc., 189 F.2d 104 (3rd Cir. 1951). Under the rule of that case plaintiff's maps are not entitled to copyright protection unless the plaintiff performed sufficient original work. To be subject to copyright a map must be the result of some original work. Merely synthesizing a map from those previously published by various governmental agencies is insufficient. Amsterdam v. Triangle Publications, Inc., *supra*, 105–106. There must be originality resulting from the independent effort of the maker to acquire a reasonably substantial portion of the information. Marken & Bielfeld, Inc. v. Baughman Co., 162 F.Supp. 561 (E.D. Va.1957). Some actual original work of surveying, calculating or investigating must exist; merely obtaining the names of streets from real estate developers is insufficient. Amsterdam v. Triangle Publications, Inc., *supra*, 189 F.2d 106.

■ Although plaintiff has expended considerable time, money and effort in producing the 1970 and 1973 maps, no evidence has been adduced, either at the hearing or in the record, that plaintiff has performed that amount of original work required to make its map copyrightable. At most, the record indicates that plaintiff has employed cartographers, apparently to compile the maps in issue from those previously existing which were obtained from various governmental agencies. Thus, plaintiff's motion must be denied.

The Court notes that although plaintiff is not entitled to relief under the copyright laws, it may find relief under the unfair competition theory of International News Service v. Associated Press, 248 U.S. 215, 39 S.Ct. 68, 63 L. Ed. 211 (1918). See Axelbank v. Rony, 277 F.2d 314, 318 (9th Cir. 1960).

Therefore, it is ordered:

1. That both motions for preliminary injunction are denied.