## INTERNATIONAL TRADE MANAGEMENT, INC. et al., Plaintiffs,

v.

## The UNITED STATES, Defendant.

### No. 426–82C.

United States Claims Court.

Dec. 17, 1982.

A. Paul Britton, Harter, Secrest & Emery, Rochester, N.Y., for plaintiffs.

Thomas J. Byrnes, with whom was Asst. Atty. Gen., J. Paul McGrath, Washington, D.C., for defendant.

## ORDER

KOZINSKI, Chief Judge.

Plaintiffs brought this action pursuant to 28 U.S.C. § 1498(b) alleging that the Small Business Administration infringed their copyright. Defendant moved to dismiss because plaintiffs had failed to comply with 17 U.S.C. § 411(a) which provides as follows:

> [N]o action for infringement of the copyright in any work shall be instituted until registration of the copyright claim has been made in accordance with this title.

Plaintiffs concede that they had not obtained or applied for a registration certificate at the time the action was first brought, but represent that an application for registration has now been filed with the Copyright Office. Aff. in Opp. ¶¶ 5–6.

There is no dispute as to whether plaintiffs may maintain an action for infringements occurring prior to issuance of a copyright registration certificate. They may. See, 2 M. Nimmer, Nimmer on Copyright § 7.16[B][1], at 7–117 & n. 37 (1982) & authorities cited therein. Indeed, even if the registration certificate is denied, plaintiffs may maintain this action by giving the Register of Copyrights notice of the action and litigating registrability as part of the infringement action. 17 U.S.C. § 411(a).

The narrow issue presented, therefore, is whether plaintiffs may proceed with the case now or whether they must first await the action of the Copyright Office, which may delay matters as long as a year or 18 months. Defendant tersely asserts that the language of section 411(a) is unambiguous and its import jurisdictional. Congress in its wisdom made registration (or denial thereof) a condition to suit and that, in defendant's view, is that. Plaintiffs argue strenuously that it makes little sense to delay this action until the Copyright Office takes the ministerial steps involved in granting or denying the registration certificate. In plaintiffs' view, it would be consistent with the spirit of section 411(a), Aff. in Opp. ¶ 12, and considerations of judicial economy, id. ¶ 13, to permit them to proceed with the action while awaiting the Register's ruling on the application.

## DISCUSSION

In the words of Mr. Justice Powell, "[o]ur lodestar is the language of the statute."

*United States v. Erika, Inc.,* 456 U.S. 201, 206, 102 S.Ct. 1650, 1653, 72 L.Ed.2d 12 (1982). In this case the language is clear. A suit for copyright infringement is conditioned on obtaining (or being denied) a certificate of registration. Moreover, the requirement does not appear to be an oversight or mistake on the part of Congress. The provisions of section 411(a) date back to the 1909 Copyright Act, ch. 320, § 12, 35 Stat. 1075, 1078. The copyright laws recently underwent a comprehensive revision. Act of Oct. 19, 1976, Pub.L. No. 94–553, 90 Stat. 2541. The provisions pertaining to registration were amended in significant respects. *See generally* Nimmer, *supra,* § 7.16[B][1], at 7–117–19. However, the prohibition against bringing an infringement suit before the Copyright Office acts on the registration application has remained unchanged.

Plaintiffs allude to cases which they claim have applied the "spirit" of section 411(a) by permitting the action to continue even though registration had not been perfected at the time the complaint was filed. *E.g., Newton v. Voris,* 364 F.Supp. 562, 563 (D.Ore.1973); *Frankel v. Stein & Day, Inc.,* 470 F.Supp. 209, 212–13 n. 2 (S.D.N.Y.1979). However, in these cases registration had been completed by the time the court considered the matter. At that point, the plaintiffs were entitled to maintain the action under the terms of section 411(a). Plaintiffs have cited no case, and the court has been able to find none, where a court has permitted an action to continue while the registration application is pending with the Copyright Office.

Considerations of judicial economy raised by plaintiffs carry little weight where jurisdiction is in issue. The court cannot assert jurisdiction over a matter simply because it considers Congress' decision to withhold jurisdiction to be unwise or uneconomical. Congress may have thought litigation would be simplified if the Copyright Office were first permitted to consider the validity of the copyright claim in ruling on the registration application. In any case, it is not for this court to second-guess Congress in exercise of its authority to regulate the jurisdiction of the federal courts. Once congressional intent has been clearly identified, "our task is at an end." *Erika, Inc., supra,* 456 U.S. at 211, 102 S.Ct. at 1655.

## CONCLUSION

Defendant's motion is granted and the petition will be dismissed. However, to avoid undue hardship, the court will favorably consider a motion pursuant to RUSCC 60(b)(6) seeking reinstatement of the action at such time as registration of plaintiffs' copyright is permitted or denied by the Copyright Office.

No costs.

IT IS SO ORDERED.