JOSEPH J. LEGAT ARCHITECTS, P.C., an Illinois Professional Corporation, Plaintiff,

v.

UNITED STATES DEVELOPMENT CORPORATION, an Illinois Corporation; Esper A. Peterson, an Individual; Seth Pines, an Individual; and Royal Oak Apartments Phase III, an Illinois Limited Partnership, Defendants.

No. 84 C 8803.

United States District Court, N.D. Illinois, E.D.

Jan. 22, 1985.

Thomas A. Morris, Jr., Nick Anacherio, Brydges, Riseborough, Morris, Franke & Miller, Waukegan, Ill., for plaintiff.

Henry S. Kaplan, Dressler, Goldsmith, Shore, Sutker & Milnamow, Chicago, Ill., Thomas W. Gooch, III, Thomas R. Ruth & Assoc., Barrington, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

This is a suit between an architect and a developer, involving federal claims of copyright and trademark infringement and pendent state claims of breach of contract and unfair competition. Defendants have moved to dismiss the case for lack of subject matter jurisdiction. For the reasons stated below, we deny this motion.

The following is a brief summary of the allegations of the complaint, which we assume to be true for the purposes of this motion. Plaintiff ("Legat") is a professional corporation which provides architectural services. Defendant U.S. Development Corp. ("USDC") is a real estate developer and contractor. Defendant Royal Oak Apartments ("Royal Oak") is a limited partnership which was involved in developing the apartment project ("the Project") at issue in this case. Defendant Seth Pines ("Pines") is an architect who works for USDC. Defendant Esper Peterson ("Peterson") is a general partner of Royal Oak and President of USDC.

On September 1, 1981, USDC and Legat signed a form contract under which Legat was to design the Project. Legat allegedly did so and gave the architectural papers to USDC in November 1981. Legat and his employees created these plans exclusively.

Construction was delayed, however, until 1983, apparently because the U.S. Department of Housing and Urban Development ("HUD") had not approved financing. During this delay, zoning regulations had changed, making Legat's design obsolete. In Spring 1983, at Peterson's request, Legat revised the design of the Project.

In August 1983, Peterson and USDC refused to pay Legat for revising the plans for the Project. They allegedly repudiated their contract with Legat, and then Peterson and Pines copied Legat's plans for the Project, erased Legat's name and substituted Pines' name. Following this alleged mischief, USDC and Royal Oak used the plans to obtain HUD financing, secure zoning and building permits and, finally, build the Project.

Legat filed this lawsuit on October 11, 1984. The complaint contains fifteen "counts," most of which allege state law claims for breach of contract, fraud and unfair competition. Counts VII through X, which allege copyright infringement by each of the defendants, are the focus of the pending motion to dismiss.

Defendants argue that these copyright claims must be dismissed because Legat has not fulfilled a condition precedent to maintaining a copyright suit, that is, obtaining a valid copyright registration. This condition is imposed by 17 U.S.C. § 411(a), which states:

Subject to the provisions of subsection (b), no action for infringement of the copyright in any work shall be instituted until registration of the copyright claim

has been made in accordance with this title [17 USCS §§ 101 *et seq.*]. In any case, however, where the deposit, application, and fee required for registration have been delivered to the Copyright Office in proper form and registration has been refused, the applicant is entitled to institute an action for infringement if notice thereof, with a copy of the complaint, is served on the Register of Copyrights.

When Legat filed this suit, it had merely applied for copyright registration; the Register of Copyrights had not yet approved the registration. Thus, the precise issue raised in defendants' motion was whether an application for registration satisfied § 411(a) or whether that section requires final approval or denial of registration.[1] We need not resolve that issue, however, because it is now moot. While the motion was being briefed, Legat's copyright registration was approved, as defendants concede in their reply brief. Even if we were to grant defendants' motion, Legat would simply amend the complaint on the basis of the now-valid registration. Because the effective date of the registration is the date of application, *see* 17 U.S.C. § 410(d),[2] the outcome would be the same as if we had denied defendants' motion. Instead of resolving this moot issue, then, we grant Legat leave to amend its complaint to allege and attach its valid registration. *See, e.g., Frankel v. Stein & Day, Inc.,* 470 F.Supp. 209, 212 n. 2 (S.D.N.Y.1979) (granting leave to amend complaint in copyright

suit where registration requirements of Act had been completed while suit was pending), *aff'd,* 646 F.2d 560 (2d Cir.1980).

Apparently reacting to this now-valid registration, defendants in their reply brief mounted a second challenge to the Copyright claims. They argue that the Court lacks federal question jurisdiction because the claim does not "arise under" the Copyright Act, as required by 28 U.S.C. § 1338.[3] The gist of defendants' argument is that the Court must, as a threshold matter, resolve a contract dispute under Illinois law. They claim that the "principal and controlling issue" in this case is a contract dispute over title to the architectural plans, and, thus, we lack jurisdiction. *See T.B. Harms Co. v. Eliscu,* 339 F.2d 823 (2d Cir.1964), *cert. denied,* 381 U.S. 915, 85 S.Ct. 1534, 14 L.Ed.2d 435 (1965); *Peay v. Morton,* 571 F.Supp. 108 (M.D.Tenn.1983); *Elan Associates, Ltd. v. Quackenbush Music, Ltd.,* 339 F.Supp. 461 (S.D.N.Y.1972).

At the outset we find it difficult to accept defendants' assertion that there is a contract dispute as to title in the plans. The contract, which is attached to the complaint, on its face seems to vest title in Legat.[4] Defendants do not say where their contract rights to title arise from. Legat characterizes defendants' position as this: The relevant contract provisions, *see* n. 4 above, are a license under which Legat relinquished its copyright to defendants. Although we are for now unsure about the nature of this contract dispute, we will

---

1. In briefing this issue, neither party cited any cases directly on point. We have found one Court of Claims opinion which holds that the plain language of § 411(a) demands that a plaintiff obtain a certificate of registration in order to maintain a suit. *International Trade Mgt., Inc. v. United States,* 553 F.Supp. 402, 1 Cl.Ct. 39 (1982). A mere application was held to be insufficient in that case. Because Legat's application has now been approved, we need not decide whether we agree with this Court of Claims case.

2. 17 U.S.C. § 410(d) provides:

   [t]he effective date of a copyright registration is the day on which an application, deposit, and fee, which are later determined by the Register of Copyrights or by a court of compe-

tent jurisdiction to be acceptable for registration, have all been received in the Copyright office.

3. 28 U.S.C. § 1338 states:

   (a) The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to ... copyrights.... Such jurisdiction shall be exclusive ... in ... copyright cases.

4. Paragraph 7 of the "Owner-Architect Agreement" states that "[d]rawings ... are the property of the Architect ... and their use for any other project is not authorized." Similarly, Article 5 of the American Institute of Architects' "Standard Form of Agreement," also signed by the parties, provides that the plans remain the property of the architect.

assume for the purposes of this motion that there is some real dispute about title to the plans. Even under this assumption, this Court has jurisdiction.

*T.B. Harms* is the seminal case for the meaning of "arising under" in § 1338. In *Harms*, the complaint did not allege "infringement" of the copyright; indeed, the case did not involve use or threatened use of the copyrighted material. 339 F.2d at 824. Rather, the case involved a contract dispute over which party owned the copyright; resolution of this dispute would incidentally affect the value of the copyright. Writing for the court, Judge Friendly held that the case did not "arise under" the Copyright Act and thus the district court lacked jurisdiction. Judge Friendly relied in part on Justice Holmes' statement that "[a] suit arises under the law that creates the cause of action." *See id.* at 826, *quoting American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260, 36 S.Ct. 585, 586, 60 L.Ed. 987 (1916). He held that the claim at issue there stated a cause of action in contract and thus did not satisfy the Holmes "creation" test. However, noting that the Holmes test "is more useful for inclusion than for the exclusion for which it was intended," *id.* at 827, Judge Friendly wrote that a suit that fails the Holmes test may nevertheless "arise under" the Copyright Act if the complaint discloses a need for determining the meaning or application of the Act. *Id.* The complaint in *Harms* failed to satisfy this "pivotal federal question" test as well. Summing up his approach, Judge Friendly ended his opinion with the following test: "an action 'arises under' the Copyright Act if and only if the complaint is for a remedy expressly granted by the Act, e.g., a suit for infringement ... or asserts a claim requiring construction of the Act...." *Id.* at 828.

We think this case satisfied the *Harms* test. First, regardless of any potential contract issues, this suit principally "is for a remedy expressly granted by the Act," that is, a suit for infringement. Legat has alleged copying and unauthorized use and seeks damages for the alleged infringement. As noted above, there was no infringement issue in *Harms*. Indeed, Judge Friendly carefully distinguished *Harms* from the case, like this one, where a contract dispute is entangled with an alleged infringing use:

> [This case did] not even raise what has been the problem presented when a defendant licensed to use a copyright or a patent on certain terms is alleged to have forfeited the grant; in such cases federal jurisdiction is held to exist if the plaintiff has directed his pleading against the offending use, referring to the license only by way of anticipatory replication, but not if he has sued to set the license aside, seeking recovery for unauthorized use only incidentally or not at all.... Here neither Eliscu nor Jungnickel had used or threatened to use the copyrighted material; their various acts, as the district judge noted, sought to establish their ownership of the copyrights by judicial and administrative action, including notice to the parties concerned.

339 F.2d at 825 (citations omitted). Clearly, *Harms* and its progeny do not hold that federal courts can never decide threshold issues about title in infringement suits. *See Peay v. Morton*, 571 F.Supp. at 113. Indeed, plaintiffs must allege ownership of a valid copyright to state a claim. *Id.* Threshold issues of title, then, are necessarily implicated in many copyright suits. *See* 3 M. Nimmer, *Nimmer on Copyright*, § 12.01[A] (1984) at 12-7.[5]

For these reasons, *Peay* and *Elan Associates*, relied upon by defendants, are also

---

**5.** Professor Nimmer writes:

> Notwithstanding the existence of a contractual relationship between the parties, if the defendant's conduct is alleged to be without authority under such a contract and to further constitute an act of statutory copyright infringement, then federal jurisdiction will be invoked. Jurisdiction is exclusively federal in statutory copyright infringement actions even

> if in trying this issue the court must of necessity pass upon questions of contract law such as the plaintiff's chain of title or the validity or scope of an assignment or license claimed by the defendant. The federal courts have exclusive jurisdiction to determine statutory infringement, have incidental power to hear and decide claims of title which necessarily bear upon the ultimate question of infringe-

not on point. In both cases, the principal and controlling issue raised by the complaint was ownership of the copyrights. Copyright issues were incidental and prospective. Here there are no express assignments in the contract. While, as we have assumed above, contract issues may become relevant, the copyright claims focus on an alleged, past and current infringement. We therefore conclude that this suit "arises under" the Copyright Act.

In sum, defendants' motion to dismiss is denied. In accordance with our earlier discussion, Legat shall amend its complaint on or before February 15, 1985. The status hearing is postponed to March 8, 1985, at 10:30 a.m. It is so ordered.

ment. Moreover, in an ation for statutory infringement a federal court may upon its own motion determine the issue of ownership in a separate trial, even if such issue turns wholly on questions of state contract law for which there would be no federal jurisdiction if it were not raised as part of an infringement action.

Nimmer, *supra,* § 12.01[A] at 12–7–12–8.