David WILSON, et al., Plaintiffs,

v.

MR. TEE'S, et al., Defendants.

Civ. No. 93–1804 (CSF).

United States District Court,
D. New Jersey.

June 6, 1994.

Weingram & Zall by Michael R. Friscia and Michael E. Zall, Maywood, NJ, for plaintiffs.

Norman E. Lehrer, by Norman E. Lehrer and Jeffrey S. Ginsberg, Cherry Hill, NJ, for defendants.

## AMENDED OPINION

CLARKSON S. FISHER, District Judge.

Before the court is a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure brought by defendants Mr. Tee's, John Maddock and Janice Maddock. For the reasons set forth below, defendants' motion is granted in part and denied in part.

This action arises out of plaintiffs' claim of copyright infringement and unfair competition relating to unique miniature golf course holes allegedly designed and built by plaintiffs David Wilson and Wilson Associates. Plaintiffs opened a miniature golf course featuring these supposed proprietary designs in the Poconos vacation area in Pennsylvania in July of 1990 which plaintiffs claim has enjoyed commercial success. Plaintiffs have marketed and sold miniature golf course hole designs throughout the country. Apparently, the golf course hole designs at issue are unique in that they require the player to perform additional actions and include additional elements which create interesting and pleasing diversion.

On April 9, 1991, David Wilson obtained a copyright registration on drawings for hole designs. The parties dispute whether these drawings, made by Pro Draft, Inc., were done under the supervision, direction and control of David Wilson. On March 16, 1994, plaintiffs filed additional copyright applications with the United States Copyright Office in order to register copyrights on nine hole designs, along with deposits of the work and the filing fee, by Express Mail. These applications were received by the Copyright Office on March 17, 1994.

Defendants operate a miniature golf course on Long Beach Island, New Jersey, under the name of Mr. Tee's. Plaintiffs allege that defendants copied at least nine of plaintiffs'

purportedly proprietary hole designs and that this amounts to infringement of plaintiffs' copyrights. Plaintiffs also allege that defendants' activities in displaying and operating their miniature golf course featuring the allegedly infringing holes constitute unfair competition and form the basis for various state-law causes of action. In addition, plaintiffs seek leave of the court to submit a second amended complaint.

Defendants contend that plaintiffs' Certificate of Copyright Registration is invalid and not infringed, that certain of plaintiffs' counts fail to state claims upon which relief can be granted, that other counts are preempted under the Copyright Laws and that plaintiffs are not entitled to the relief that they have requested in their *ad damnum* clauses of the Amended Complaint. The court observes that there has been no discovery from defendants to date.

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56; *Brown v. Hilton*, 492 F.Supp. 771, 774 (D.N.J.1980). The burden of showing that no genuine issue of material fact exists rests initially on the moving party. *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir.1976), *cert. denied*, 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977). This "burden ... may be discharged by 'showing' ... that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Once a properly supported motion for summary judgment is made, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." Fed. R.Civ.P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986).

■ There is no issue for trial unless the nonmoving party can demonstrate that there is sufficient evidence favoring the nonmoving party so that a reasonable jury could return a verdict in that party's favor. *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2510. In deciding a motion for summary judgment, the court must construe the facts and inferences in a light most favorable to the nonmoving party. *Pollock v. American Tel. & Tel. Long Lines*, 794 F.2d 860, 864 (3d Cir.1986). The role of the court, however, is not "to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2510.

■ Plaintiffs move to file a second amended complaint, particularly since defendants move for summary judgment, in part, on the grounds that plaintiffs failed to allege that the Copyright Office had received its pending copyright applications and that plaintiffs failed to allege that defendants' services are rendered in interstate commerce. The proposed second amended complaint drops John Caruso as a plaintiff. Further, the second amended complaint includes the allegation that plaintiffs' new copyright applications have been received by the Copyright Office. Additionally, the second amended complaint alleges that defendants are engaged in interstate commerce. Upon review of the record, the court grants plaintiffs' motion, and the second amended complaint will be filed. The court discerns no prejudice, unfair disadvantage or deprivation inuring to defendants warranting the denial of the amendment. Indeed, the first amended complaint was only filed on April 14, 1994, and has not been answered. Nor does the court discern any bad faith, dilatory motive or undue delay on the part of plaintiffs. *See* Federal Rule of Civil Procedure 15(a). Leave to amend pleadings should be granted liberally. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir.1989) (quoting *Cornell & Co., Inc. v. Occupational Safety and Health Review Com'n*, 573 F.2d 820, 823 (3d Cir.1978)) (possibility of prejudice to the nonmoving party is the "touchstone for the denial of the amendment"); *Heyl & Patterson Intern., Inc. v. F.D. Rich Housing of Virgin Islands, Inc.*, 663 F.2d 419, 426 (3d Cir.1981) *cert. den. sub nom F.D. Rich Housing of the Virgin Islands, Inc. v. Government of the Virgin Islands*, 455 U.S. 1018, 102 S.Ct. 1714, 72 L.Ed.2d 136 (1982); *Jablonski v. Pan American World Airways, Inc.*, 863 F.2d 289, 292

(3d Cir.1988). Although defendants point out that the Magistrate Judge's scheduling order dealing with amendments to the complaint has been exceeded, the court finds that the substantial interests of justice dictate that the second amended complaint be admitted, particularly in the context of this summary judgment motion.

■ Defendants assert that the copyright registration is invalid, since David Wilson intentionally lied about his status as author when completing the copyright application that eventually resulted in the Certificate of Copyright Registration No. VAV 205–636, pertaining to the drawings of miniature golf course hole designs. Both parties acknowledge that the drawings were made by Pro Draft, Inc., a drafting company that was located in Marshall Creek, Pennsylvania, which has since gone out of business. Citing portions of Wilson's deposition testimony, defendants assert that Wilson had not been present when the drawings were made, that he had not overseen the making of the drawings and that he had not made any changes thereto. Nevertheless, plaintiffs cite the identical testimony, which when read in a light most favorable to plaintiffs, suggests that the drawings had been reviewed by Wilson before they were finalized, that Wilson had made changes to the drawings and that these drawings, as a whole, had been made under the direction of Wilson. Deposition of David Wilson, Jr. dated January 25, 1994, at pp. 22–23. Further, plaintiffs furnished documentary evidence suggesting that the Pro Draft drawings had been based on actual holes designed by David Wilson and on drawings previously made by David Wilson. Plaintiffs' Exhibit G. Further, plaintiffs are apparently currently engaged in an attempt to locate the principals of Pro Draft Inc., with whom Wilson has had no written agreements, in order to execute *nunc pro tunc* agreements to substantiate plaintiffs' claim that the drawings had been done on a work-for-hire basis. In addition, defendants offer no evidence suggesting that plaintiffs lied or made any misrepresentations to the Copyright Office. Based on the record presented thus far, the court is presented with an application for a Copyright Certificate listing David Wilson as the author, as well as an unchecked work-for-hire box, both of which are susceptible to varying explanations. Accordingly, there exist genuine issues of material fact respecting David Wilson's status as author of the drawings which are the subject of the Copyright Certificate No. VAV 205–363 and the validity of that registration.

Defendants also assert that the Copyright Registration of April 9, 1991, extends only to drawings which are entitled to protection only as derivative works under 17 U.S.C. § 101, in that they are works based on pre-existing work. Since copyright in a derivative work extends only to the material contributed by the author of the derivative work and Pro Draft is the author and owner of the derivative work, reason defendants, only Pro Draft has standing to sue based on Copyright Registration No. VAV 205–636. *See* 17 U.S.C. §§ 501(b), 201(a). Nevertheless, there exist genuine issues of material fact respecting David Wilson's status as author that belie defendants' arguments in the context of summary disposition. Accordingly, the court rejects defendants' derivative work and standing arguments. The court also finds that there exist genuine issues of material fact regarding the issue of defendants' access to plaintiffs' drawings upon examination of the exhibits proffered by defendants.

■ Defendants contend that the court lacks subject-matter jurisdiction over plaintiffs' new copyright claims, arguing that registration, which has not been effected to date, is a prerequisite to an infringement action under 17 U.S.C. § 411(a). In *Apple Barrel Productions, Inc. v. Beard,* 730 F.2d 384, 386–87 (5th Cir.1984) (citing 2 *Nimmer on Copyright* § 7.16[B][1] ), the court determined that the requirements of section 411 are satisfied when one proves "payment of the required fee, deposit of the work in question, and receipt by the Copyright Office of a registration application." *See Sebastian Intern., Inc. v. Consumer Contact (PTY) Ltd.,* 664 F.Supp. 909, 912 (D.N.J.1987), *vacated on other grounds,* 847 F.2d 1093 (3d Cir. 1988). The record confirms that plaintiffs have made the showing required to maintain an action under the Copyright Act. Plaintiffs mailed the applications by Express Mail

on March 16, 1994. The amended complaint includes copies of the copyright applications and deposits submitted to the Copyright Office. Further, the applications indicate that plaintiffs included a $20.00 non-refundable filing fee for each application. The second amended complaint includes a receipt from the Copyright Office indicating that it received plaintiffs' application, fee and deposit. Accordingly, the court rejects defendants' contention that the court lacks jurisdiction over plaintiffs' copyright claims.

■ Defendants assert that plaintiffs' federal unfair competition claim must be dismissed, since plaintiffs have not specifically alleged that defendants have made any misrepresentations "in commerce" in the amended complaint, a flaw which defendants assert is jurisdictional in nature. Plaintiffs contend that the amended complaint sufficiently states a cause of action under the Lanham Act, 15 U.S.C. § 1051 et seq., since the amended complaint specifically pleads the Lanham Act at paragraph 2. Furthermore, plaintiffs cite paragraph 10 and 17 of the amended complaint, which state as follows:

10. Upon information and belief, defendant, Mr. Tee's, is a miniature golf course located at 226 Engleside Drive, North Beach Haven, New Jersey. This golf course is located in an area where the Plaintiffs market their design and this Defendant is a direct competitor of the Plaintiffs.

\* \* \* \* \* \*

17. The Defendants, Mr. Tee's, John Maddock, Janice Maddock, and/or ABC Corporation, operate a miniature golf course in North Beach Haven, New Jersey. The Defendants are a direct competitor with Plaintiffs in that Plaintiffs market their product in the area.

The court finds that a reading of these paragraphs, including references respecting competition and marketing, sufficiently suggests a basis of "commerce," particularly when read in conjunction with Count Two, the Federal Unfair Competition claim, which incorporates paragraphs 10 and 17 by reference and states that

... Defendants' miniature golf course is likely to cause confusion and mistake in the minds of the trade and purchasing public as to the source of Defendants' miniature golf course and to cause the purchasing public to believe that such miniature golf course was legally produced by Defendant when, in fact, it was not.

Count Two squarely implicates 15 U.S.C. § 1125(a)(1), which covers the use of any word, term, name, symbol or device ... or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, ... which—

A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such a person with another person, or as to origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person....

Furthermore, plaintiffs specifically plead that they operate miniature golf courses, including one situated in Pennsylvania, and that defendant operates an allegedly infringing miniature golf course situated in North Beach Haven, New Jersey. Plaintiffs allege that "[b]y creating a likelihood of confusion among vacationers that vacation at both Long Beach Island and in the Poconos, Defendants' intrastate activities affect interstate commerce." "It is well settled that so defined 'commerce' includes intrastate commerce which 'affects' interstate commerce." *Thompson Tank & Mfg. Co., Inc. v. Thompson,* 693 F.2d 991, 993 (9th Cir.1982) (citations omitted). Accordingly, the court finds that plaintiffs' amended complaint adequately states a cause of action for federal unfair competition.

■ Defendants' reliance on *Monoflo Intern., Inc. v. Sahm,* 726 F.Supp. 121 (E.D.Va. 1989), is misplaced. In *Monoflo Intern.,* 726 F.Supp. at 126, the court did not hold that pleading the specific term "in commerce" was a jurisdictional prerequisite for a federal unfair competition claim. Rather, the court in *Monoflo Intern.* cited *Obolensky v. G.P. Putnam's Sons,* 628 F.Supp. 1552, 1556 (S.D.N.Y.), *aff'd,* 795 F.2d 1005 (2d Cir.1986) (citations omitted), for the proposition that

"[t]he statute requires that the defendant . . . cause the precise goods in question to enter into commerce. This element of the action is 'jurisdictional in nature' and 'not to be taken lightly.'" The court found the claim jurisdictionally defective, because the alleged "misrepresentation was not made in connection with any goods or services and because Monoflo did not and cannot allege that KKG caused any such goods or services to enter into commerce." Based on a comprehensive reading of the amended complaint herein, the situation in *Monoflo Intern.* is distinguishable from the present case, where plaintiffs have stated a cause of action sufficiently under the Lanham Act. Additionally, the court observes that the second amended complaint includes the allegation that defendants are engaged in interstate commerce. Accordingly, the court rejects defendants' assertion that plaintiffs' federal unfair-competition claim must be dismissed.

■ Defendants argue that plaintiffs' claims sounding in state unfair competition, common-law unfair competition, conversion, unjust enrichment and quantum meruit are preempted by the federal copyright law. According to 17 U.S.C. § 301(a), "all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 . . ." are governed exclusively by the federal copyright law. State-law claims are preempted by the federal copyright laws under section 301 if two conditions are satisfied:

(1) the subject matter of the work which gives rise to the state law claim falls within the subject matter of the copyright laws as set forth in sections 102 and 103 of Title 17; and (2) the state law creates rights which are "equivalent to" any of the exclusive rights granted to a copyright holder under section 106.

*SBK Catalogue Partnership v. Orion Pictures Corp.,* 723 F.Supp. 1053, 1066 (D.N.J. 1989) (citations omitted). For purposes of this analysis, the parties dispute only whether the second condition has been satisfied with respect to the state-law claims. Under the second part of the test, "[w]hen a right defined by state law may be abridged by an act which, in and of itself, would infringe one of the exclusive rights, the state law in question must be deemed preempted." *Harper & Row Publishers, Inc. v. Nation Enterprises,* 723 F.2d 195, 200 (2d Cir.1983), *rev'd on other grounds,* 471 U.S. 539, 105 S.Ct. 2218, 85 L.Ed.2d 588 (1985) (citations omitted).

The court finds that the state and common-law unfair-competition claims are not preempted by the federal copyright law. Both parties seem to acknowledge that unfair-competition claims involving "passing off," as opposed to "imitation," are not preempted by the copyright law. *See Tannock v. Review Trading Corp., Inc.,* 231 U.S.P.Q. 798, 801, 1986 WL 15150 (D.N.J. 1986) (common-law unfair-competition claim preempted by federal copyright law wherein plaintiff did not contend that "defendant misled customers into believing that the property he produced emanated from or was produced by another" anywhere in the complaint); *Orth–O–Vision, Inc. v. Home Box Office,* 474 F.Supp. 672, 684 (S.D.N.Y.1979) n. 12 (tort of palming off not preempted by the Federal Copyright Act).

The federal unfair competition count specifically pleads that "Defendants' miniature golf course is likely to cause confusion and mistake in the minds of the trade and purchasing public as to the source of Defendants' miniature golf course and to cause the purchasing public to believe that such miniature golf course was legally provided by Defendant when, in fact, it was not. . . . The defendant is improperly trading upon the reputation and good will of plaintiff." In addition, the state and common-law unfair-competition counts incorporate these factual allegations by reference. *See National Football League Properties, Inc. v. New Jersey Giants, Inc.,* 637 F.Supp. 507, 519 (D.N.J. 1986) ("New Jersey has codified the common-law authority for unfair competition at N.J.S.A. 56:4–1. As observed by the Third Circuit, '[t]he federal law of unfair competition [as codified at § 1125] is not significantly different, as it bears upon this case, from that of New Jersey.'" (quoting *SK & F, Co. v. Premo Pharm. Lab., Inc.,* 625 F.2d 1055, 1065 (3d Cir.1980)) "[D]efendant's use of the Giant's marks is likely to cause confusion or mistake or to deceive purchasers of such

merchandise as to the source, sponsorship, or approval by the NFL and the Giants."); 1 *Nimmer on Copyright*, § 1.01[B][e] at 1–23, n. 110. Accordingly, the court finds that the state and common-law unfair-competition claims are not preempted by the federal copyright law based on the distinct palming-off claims contained in the second amended complaint.

 The court finds that the unjust-enrichment claim, conversion claim and quantum meruit claim are preempted by the federal copyright law. A comprehensive review of the second amended complaint, as well as plaintiffs' supporting motion papers, reveals that plaintiffs do not distinguish (or even compare) the factual predicate underlying the infringement claims and that of the state-law claims essential to the preemption analysis. With respect to the unjust-enrichment count, plaintiffs merely highlight the elements of this cause of action itself. Accordingly, the court can conclude only that the factual predicates underlying this claim are essentially identical to those of the copyright claim. *See Cassway v. Chelsea Historic Properties I*, 26 U.S.P.Q.2d 1791, 1795, 1993 WL 64633 (E.D.Pa.1993) (state-law claim of unjust enrichment preempted by federal copyright law, since it did not relate to a matter different than author's exclusive rights within general scope of copyright).

With respect to the claims of conversion and quantum meruit, the court observes that plaintiffs again fail to distinguish the underlying factual predicate of the infringement claim with that of the state-law claims. In fact, plaintiffs correlate the "tangible property" element required to make out a tort of conversion with plaintiffs' drawings or other of plaintiffs' tangible property, for which plaintiffs provide no elaboration. In addition, plaintiffs state that "the reasonable value of the services rendered," an element of the Quantum Meruit theory, is "fundamentally different from the exclusive right to reproduce or distribute copies"; however, plaintiffs offer no elaboration which would inform the court's analysis. Accordingly, plaintiffs fail to raise any genuine issue of material fact in response to defendants' assertion that the unjust-enrichment, conversion and quantum

meruit claims are based on the same factual predicate as that of the copyright claim. Therefore, the court finds that these claims, as framed by plaintiffs, are essentially "equivalent to" the exclusive rights granted to a copyright holder under section 106, and Counts 5, 6 and 7 of the second amended complaint are dismissed.

The court notes that there is apparently no dispute respecting the applicable statutory damages and attorney's fees provisions in the wake of the court's summary disposition.

Based on the foregoing, Counts 5, 6 and 7 of the second amended complaint are dismissed. The remainder of defendants' summary judgment motion is denied. An order has been filed in accordance with this decision.