Caroline GOEBEL, Plaintiff,

v.

Rhonda MANIS, Defendant.

No. 99–1002–JTM.

United States District Court,
D. Kansas.

March 17, 1999.

Stephen F. Baker, Frankfort, KS, Gregory D. Barton, Harding, Shultz & Downs, Lincoln, NE, for Plaintiff.

Kenneth H. Jack, Davis & Jack, L.L.C., Wichita, KS, for Defendant.

## MEMORANDUM AND ORDER

MARTEN, District Judge.

This matter is before the court on Ms. Manis's motion to dismiss for failure to state a claim, pursuant to Fed.R.Civ.P. 12(b)(6). Ms. Goebel has responded and Ms. Manis has filed a reply; therefore, the matter is fully briefed and after examining the parties' submissions, the court is prepared to rule. For the reasons set forth below, Ms. Manis's motion is granted.

### I. Facts.

Ms. Goebel, a Nebraska resident, creates various works of art and sells them at regional craft shows around the Midwest. To protect her investment of time and energy she spends creating her crafts, Ms. Goebel routinely copyrights her original works. Ms. Manis, a Kansas resident, operates a sole proprietorship through which she produces and sells crafts and other art work.

Prior to May 1997, Ms. Goebel created a soft, fabric snowman named the "Little Fat One." Ms. Goebel claims Ms. Manis copied and sold "Little Fat One" replicas after July 1998. On September 11, 1998, Ms. Goebel filed a copyright registration application with the Register of Copyrights, which is still pending.

On January 4, 1999, Ms. Goebel sued Ms. Manis charging Ms. Manis with infringing her copyright in the "Little Fat One." Ms. Goebel seeks preliminary and permanent injunctions against Ms. Manis's future infringement and damages she has sustained from Ms. Manis's alleged infringement.

### II. Motion to Dismiss Standard.

In ruling on a motion to dismiss, the court must accept all the well-pleaded factual allegations of the complaint as true and must view them in the light most favorable to the non-moving party. *Sutton v. Utah State Sch. for the Deaf and Blind,* — F.3d ——, No. 97–4019, 1999 WL 100895 (10th Cir.1999). In accepting the complaint's allegations as true, the court must consider whether the complaint, standing alone, is legally sufficient to state a claim upon which relief may be granted. *Ordinance 59 Ass'n v. United States Dep't of Interior Secretary,* 163 F.3d 1150, 1152 (10th Cir.1998). "A 12(b)(6) motion should not be granted 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would

entitle [her] to relief.' " *David v. City and County of Denver*, 101 F.3d 1344, 1352 (10th Cir.1996) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

## III. Analysis.

Ms. Manis argues that her motion to dismiss should be granted because Ms. Goebel's complaint fails to state a claim upon which relief can be granted. At the time she filed this action, Ms. Goebel had not yet received a copyright registration certificate for the "Little Fat One." Section 411(a) of the Copyright Act provides as follows:

> [N]o action for infringement of the copyright in any work shall be instituted until registration of the copyright claim has been made in accordance with this title. In any case, however, where the deposit, application, and fee required for registration have been delivered to the Copyright Office in proper form and registration has been refused, the applicant is entitled to institute an action for infringement if notice thereof, with a copy of the complaint, is served on the Register of Copyrights.

17 U.S.C. § 411(a). In other words, "no action for copyright infringement may be brought until the work that is the subject of such action has first been registered in the Copyright Office, or at least an attempt to register has been made and refused by the Copyright Office." 3 Melville B. Nimmer and David Nimmer, *Nimmer on Copyright* § 12.08, at 12–125 (1998).

Although the plain language of the statute appears to require registration of a copyright or refusal of a properly submitted registration packet before filing a copyright infringement action, courts have reached different conclusions on that issue. For example, some courts hold the statutory language clearly requires the receipt of an actual registration certificate or a denial of the same as a jurisdictional prerequisite to instituting an action for copyright infringement. The Eleventh Circuit has followed this approach. In *M.G.B. Homes v. Ameron Homes*, 903 F.2d 1486, 1488–89 (11th Cir.1990), it found that the registration requirement of 17 U.S.C. § 411(a) is a jurisdictional prerequisite to an infringement action.[1] Other courts that have stood by the plain meaning of the statute include: *Boyle v. Stephens, Inc.*, No. 97Civ.1351 (SAS), 1997 WL 529006, at *3 (S.D.N.Y. Aug.26, 1997) (finding no viable copyright infringement claim for plaintiff whose registration was pending, but not yet completed); *Haan Crafts Corp. v. Craft Masters, Inc.*, 683 F.Supp. 1234, 1242 (N.D.Ind.1988) ("[A] lawsuit for copyright infringement cannot be filed unless plaintiff has a registered copyright.... This is a jurisdictional requirement which must be satisfied before a federal court can entertain a copyright infringement claim."); *Demetriades v. Kaufmann*, 680 F.Supp. 658, 661 (S.D.N.Y.1988) ("Receipt of an actual certificate of registration or denial of same is a jurisdictional requirement, and this court cannot prejudge the determination to be made by the Copyright Office.")[2]; *Dodd v. Fort Smith Special*

---

1. In *M.G.B.*, the plaintiff filed an amended complaint once it obtained a copyright registration certificate. *M.G.B.*, 903 F.2d at 1489. Because the district court had dismissed the case without prejudice, the proper course of action would have been to file a new complaint. *Id.* However, because there was no prejudice to the defendant, the Eleventh Circuit found the technical distinction to be without substance and allowed the case to proceed on the amended complaint. *Id.*

2. *Demetriades* involved unique circumstances. Plaintiff instituted the action for copyright infringement February 8, 1988, but no copyright registration had been issued. *Demetriades*, 680 F.Supp. at 661. Soon after, however, a valid certificate was issued, effective February 2 of the same year. *Id.* The court noted it did not have subject matter jurisdiction until the Copyright Office issued a valid certificate. *Id.* However, once the certificate was issued, the court allowed the plaintiff to file an amended complaint alleging possession of a registration certificate, thus curing the lack of subject matter jurisdiction. *Id.*

In *Demetriades*, the Copyright Office issued the copyright registration before the court

*Sch. Dist. No. 100,* 666 F.Supp. 1278, 1282 (W.D.Ark.1987) ("Under the Copyright Act ... registration of the copyright, while not a prerequisite to having a protectable interest, is a jurisdictional prerequisite to the initiation of an infringement suit in federal court."); *Quincy Cablesystems, Inc. v. Sully's Bar Inc.,* 650 F.Supp. 838, 850 (D.Mass.1986) ("Copyright registration under § 411(a) is a condition precedent to filing an infringement action."); *Techniques, Inc. v. Rohn,* 592 F.Supp. 1195, 1197 (S.D.N.Y.1984) ("Pursuant to 17 U.S.C. § 411(a) ... it has been held repeatedly that ownership of a copyright Registration is a jurisdictional prerequisite to an action for infringement."); and *International Trade Management, Inc. v. United States,* 553 F.Supp. 402, 403 (Cl.Ct. 1982) ("A suit for copyright infringement is conditioned on obtaining (or being denied) a certificate of registration.").

Unlike the courts cited above, the Fifth Circuit, as well as district courts in other circuits, have found subject matter jurisdiction exists when plaintiffs have initiated the process of obtaining registration certificates. In *Apple Barrel Prods., Inc. v. Beard,* 730 F.2d 384 (5th Cir.1984), the Fifth Circuit allowed the plaintiffs to maintain an action for copyright infringement, although they had not received an actual registration certificate or a registration refusal from the Copyright Office. *Id.* at 386–87. The court held that plaintiffs' showing of payment of the required fee, depositing the work, and the Copyright Office's receipt of the application was sufficient to maintain an action for copyright infringement. *Id.* Other courts that have followed this approach include: *Wilson v. Mr. Tee's,* 855 F.Supp. 679, 682 (citing *Apple Barrel* and following its approach);

*Tang v. Hwang,* 799 F.Supp. 499, 502–03 (E.D.Pa.1992) (finding that 17 U.S.C. § 411(a) "has been broadly construed to allow for the commencement of an infringement action upon the Copyright Office's receipt of the application, the required numbers of copies of the work, and the filing fee in proper form."); *Secure Servs. Tech., Inc. v. Time and Space Processing, Inc.,* 722 F.Supp. 1354, 1364 (E.D.Va.1989) (finding that the copyright laws make a distinction between copyright registration and receiving a certificate of registration from the Copyright Office— "Under the copyright laws, copyright registration is presumed to have occurred from the moment the owner of the copyrightable material delivers his application and filing fee to the Copyright Office.")

While the court favors the approach of *Apple Barrel,* the plain language of the statute controls. This court is not in a position to prejudge the determination to be made by the Copyright Office. Therefore, Ms. Goebel's complaint will be dismissed without prejudice and she will be allowed to file a new action once she obtains a certificate of registration or is denied the same. In regard to the statutes of limitations or other time-bar claims, the filing date of the newly filed complaint shall be deemed to relate back to January 4, 1999, the filing date of the original complaint, insofar as the new complaint alleges only claims alleged in the original complaint and joins only the defendant named in the original complaint or the successor of such original defendant. Any discovery done in this case will relate to and will be just as applicable to Ms. Goebel's newly filed complaint. The court recognizes there is some inconvenience in this course

ruled on the defendant's motion to dismiss. *Id.; See also* 2 Nimmer § 7.16[B][1][a], at 7–158 to 7–158.1 ("[I]f the Copyright Office has failed to issue a registration certificate prior to the time that the court is called upon to consider the matter, some courts have held that the action must be dismissed, as the requirement of registration is jurisdictional.") (citing *International Trade Management, Inc.*

*v. United States,* 553 F.Supp. 402 (Cl.Ct.1982) and *Ashlar Inc. v. Structural Dynamics Research Corp.,* 36 U.S.P.Q.2d 1402, 1405–06 (N.D.Cal.1995)). The situation before the *Demetriades* court is not before this court. It may be many months before the Register of Copyrights makes its decision on Ms. Goebel's copyright application.

of action, but subject matter jurisdiction requires no less. *See, e.g., GAF Bldg. Materials Corp. v. Elk Corp.*, 90 F.3d 479, 483 (Fed.Cir.1996) ("The presence or absence of jurisdiction must be determined on the facts existing at the time the complaint under consideration was filed.").