Randall L. JENNETTE, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 07–345C.

United States Court of Federal Claims.

June 19, 2007.

Randall L. Jennette, pro se, Tobyhanna, PA.

Kirby Wing–Kay Lee, United States Department of Justice, Washington, DC, for defendant.

### OPINION AND ORDER

SWEENEY, Judge.

Before the court is plaintiff's *pro se* Complaint, seeking relief in the amount of five million dollars for breach of contract. Specifically, plaintiff alleges that defendants [1] breached a contract requiring them to pay plaintiff in exchange for the use of plaintiff's copyrighted name. In addition, plaintiff has requested to proceed *in forma pauperis,* but for the reasons set forth below, plaintiff's application is denied. The court deems it unnecessary to await a response from defendant United States regarding plaintiff's Complaint. For the reasons set forth below, the court dismisses plaintiff's Complaint.

---

1. The caption of plaintiff's Complaint names "COMMONWEALTH OF PA, ET AL [SIC], 43RD JUDICIAL DISTRICT, and BARRY F[.] EU-DALE," but not the United States, as the parties being sued. Further, plaintiff incorrectly refers to defendants as "respondents."

## I. BACKGROUND

### A. Factual Background

Plaintiff, Randall L. Jennette, filed his Complaint in this court on June 4, 2007. Plaintiff appears to allege that the government "contracted with [plaintiff], the Secured Party, in the usage of RANDALL L JENNETTE©." Complaint ("Compl.") ¶ 2. Plaintiff asserts:

> As evident by the attached Agreements with acknowledgment of lien, as evident of a secured transaction. Respondents, are defined as debtors pursuant to UCC 9–102(28)(A), in that they do in fact have an interest in said property and are bound by agreement pursuant to UCC 1–201(3) and (11) to pay their debt to me, as the Secured Party.

*Id.*

Attached to plaintiff's Complaint are several documents, which the court will briefly discuss. The first is "Uniform Commercial Code Electronic Filing Acknowledgement [sic]" ("Acknowledgment") issued by the Maine Secretary of State. The Acknowledgment appears to be a receipt of the filing of a UCC–1 Financing Statement, and provides that the debtors are the "Commonwealth of Pennsylvania, et al., 43rd Judicial District" and "Barry F[.] Feudale." Plaintiff is listed as a secured party and "[d]ocuments" are listed as collateral. In addition to the Acknowledgment, plaintiff filed an agreement dated April 17, 2007, signed solely by plaintiff and sent to, among others, the Monroe County Court of Common Pleas in Pennsylvania ("Agreement").[2] Plaintiff also attached a document captioned "Copyright Notice," which purports to be a self-executing contract signed solely by plaintiff on December 2, 2002. The Copyright Notice states that plaintiff's name is under copyright protection.

---

2. The United States was not a party to the Agreement.

## B. Application to Proceed In Forma Pauperis

■ In plaintiff's application to proceed *in forma pauperis*, plaintiff represents that he is unemployed but receives a monthly pension from "NYCERS" in the amount of $1,438.00. In addition, plaintiff receives a monthly contribution from his granddaughter in the amount of $200.00. He also owns his home, which has an approximate value of $71,000.00. The application reflects no indebtedness.

The pertinent statute, 28 U.S.C. § 1915 (2000), permits courts of the United States to waive filing fees or security under certain circumstances. The statute provides in relevant part:

> (a)(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1). Although the statute references prisoners, non-prisoners may also apply to proceed *in forma pauperis* under 28 U.S.C. § 1915(a).[3] *See Crews v. United States*, 38 Fed.Cl. 10, 12–15 (1997) (noting that "it is not likely that Congress intended to preclude *in forma pauperis* applications by indigent non-prisoners, when the clear purpose of the legislation was to discourage frivolous and abusive prisoner lawsuits," and concluding, "a non-prisoner plaintiff shall be allowed to file an *in forma pauperis* claim, provided the plaintiff has filed the required affidavit in accordance with … § 1915(a), and is found to qualify for *in forma pauperis* status.").

Thus, to qualify for *in forma pauperis* status, an applicant must furnish an affidavit which includes, *inter alia*, a statement of income and assets and which explains why the applicant is unable to pay the required fees or security. Plaintiff's application reflects that he has sufficient means to pay the filing fee. Moreover, his Complaint is frivolous and asserts claims against private parties. As a consequence, the court denies plaintiff's application because he fails to meet the requirements of the statute.

## II. JURISDICTION

### A. *Pro Se* Plaintiff

The pleadings of a *pro se* plaintiff are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). A court should be "receptive to *pro se* plaintiffs and assist them." *Demes v. United States*, 52 Fed.Cl. 365, 369 (2002). Courts have "strained [their] proper role in adversary proceedings to the limit, searching [the record] to see if plaintiff has a cause of action somewhere displayed." *Ruderer v. United States*, 188 Ct.Cl. 456, 412 F.2d 1285, 1292 (1969). Nevertheless, "[t]he fact that [a plaintiff] acted *pro se* in the drafting of his complaint may explain its ambiguities, but it does not excuse its failures, if such there be." *Henke v. United States*, 60 F.3d 795, 799 (Fed.Cir.1995). Although a *pro se* plaintiff is granted leniency in presenting his case, his *pro se* status does not provide him immunity from pleading facts upon which a valid claim can rest. *See, e.g., Constant v. United States*, 929 F.2d 654, 658 (Fed.Cir.1991) (sanctioning *pro se* plaintiff for filing frivolous appeal). As the United States Court of Federal Claims ("Court of Federal Claims") stated in *Demes*, "[w]hile a court should be receptive to *pro se* plaintiffs and assist them, justice is ill-served when a jurist crosses the line from a finder of fact to advocate." 52 Fed.Cl. at 369.

### B. Standard of Review: Subject Matter Jurisdiction

Subject matter jurisdiction may be challenged at any time by the parties, by the court *sua sponte*, or on appeal. *Gen–Probe,*

---

3. Nevertheless, the court shall dismiss the case at any time if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

*Inc. v. Vysis, Inc.*, 359 F.3d 1376, 1379 (Fed. Cir.2004). The burden of establishing the court's subject matter jurisdiction resides with the party seeking to invoke it. *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936). The court must accept as true the allegations in the plaintiff's complaint. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed.Cir.1988). Further, the court should not dismiss a complaint "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (footnote omitted). Plaintiff " 'must make only a *prima facie* showing of jurisdictional facts through the submitted material in order to avoid' " dismissal. *Raymark Indus., Inc. v. United States*, 15 Cl.Ct. 334, 338 (1988) (citation omitted).

## C. The Tucker Act

The Court of Federal Claims is a court of limited jurisdiction. *See Brown v. United States*, 105 F.3d 621, 623 (Fed.Cir.1997). The scope of this court's jurisdiction to entertain claims and grant relief depends upon the extent to which the United States has waived its sovereign immunity. See *United States v. King*, 395 U.S. 1, 4, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969). In "construing a statute waiving the sovereign immunity of the United States, great care must be taken not to expand liability beyond that which was explicitly consented to by Congress." *Fid. Constr. Co. v. United States*, 700 F.2d 1379, 1387 (Fed.Cir. 1983). A waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." *King*, 395 U.S. at 4, 89 S.Ct. 1501. Therefore, except when Congress consents to a cause of action against the United States, "there is no jurisdiction in the Court of Claims more than in any other court to entertain suits against the United States." *United States v. Sherwood*, 312 U.S. 584, 587–88, 61 S.Ct. 767, 85 L.Ed. 1058 (1941).

The Tucker Act both confers jurisdiction upon the Court of Federal Claims and waives sovereign immunity with respect to certain actions for monetary relief filed against the United States. *See United States v. Mitchell*, 463 U.S. 206, 212–18, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983). Under the Tucker Act, sovereign immunity is waived for "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2000). As stated in the Act, the Court of Federal Claims lacks jurisdiction over tort claims.

The Tucker Act itself, however, does not establish a substantive right of recovery. *United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980); *United States v. Testan*, 424 U.S. 392, 398, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). "[I]n order for a claim against the United States founded on statute or regulation to be successful, the provisions relied upon must contain language which could fairly be interpreted as mandating recovery of compensation from the government." *Cummings v. United States*, 17 Cl.Ct. 475, 479 (1989) (citations omitted), *aff'd*, 904 F.2d 45 (Fed.Cir.1990); *see also Testan*, 424 U.S. at 398, 96 S.Ct. 948 (stating that a "grant of a right of action must be made with specificity.").

## III. DISCUSSION

### A. Improper Parties

In the Court of Federal Claims, the "*only* proper defendant ... is the United States, not its officers, nor any other individual." *Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003); *see also Sherwood*, 312 U.S. at 588, 61 S.Ct. 767 ("[The Court of Federal Claims's] jurisdiction is confined to the rendition of money judgments in suits brought for that relief against the United States, ... and if the relief sought is against others than the United States, the suit as to them must be ignored as beyond the jurisdiction of the court."); *Nat'l City Bank v. United States*, 143 Ct.Cl. 154, 164, 163 F.Supp. 846 (1958) ("It is well established that the jurisdiction of this court extends only to claims against the United States, and obvi-

ously a controversy between private parties could not be entertained."). Because plaintiff's claims are filed against parties who are not the United States, plaintiff's claims are dismissed for lack of jurisdiction.

## B. Breach of Contract

■ Even assuming that plaintiff had named the United States as a defendant, this court still lacks jurisdiction over plaintiff's claim regarding breach of contract. Generally, the "government consents to be sued only by those with whom it has privity of contract." *Erickson Air Crane Co. of Wash. v. United States,* 731 F.2d 810, 813 (Fed.Cir. 1984); *see also Anderson v. United States,* 344 F.3d 1343, 1351 (Fed.Cir.2003) (stating that a plaintiff must be in privity with the United States to have standing to sue the sovereign on a contract claim). "The effect of finding privity of contract between a party and the United States is to find a waiver of sovereign immunity." *Cienega Gardens v. United States,* 194 F.3d 1231, 1239 (Fed.Cir. 1998). Further, privity of contract with the United States is an issue "of subject matter jurisdiction that cannot be conceded to by a party." *S. Cal. Fed. Sav. & Loan Ass'n v. United States,* 422 F.3d 1319, 1328 n. 3 (Fed. Cir.2005). When a plaintiff's claim is founded upon a contract, the parties to that contract must be the plaintiff and defendant. *See Silverman v. United States,* 230 Ct.Cl. 701, 679 F.2d 865, 870 (1982).

For this court to exercise jurisdiction over plaintiff's claim for breach of contract, plaintiff must assert that he was in privity of contract with the United States. The only purported contracts plaintiff proffers are the Agreement and the Copyright Notice. The Agreement's purpose "is to facilitate commercial compensation ... [f]rom any entity seeking to compel" plaintiff "against his will in acting as a surety or accommodating party for the fiction known as RANDALL L JENNETTE." The Agreement then refers to an "attached self-executing contract, titled 'COPYRIGHT NOTICE' with explicit terms and conditions," which "[s]hall apply to any entity from or attached to the Monroe County Court of Common Pleas." The Copyright Notice was signed solely by plaintiff and

seeks to contractually bind everyone. As noted above, while the court may grant a *pro se* plaintiff leniency in presenting his case, plaintiff is not relieved of satisfying jurisdictional requirements. Thus, because plaintiff fails to establish that he was in privity of contract with the United States, this court lacks jurisdiction over plaintiff's breach of contract claim.

## C. Copyright Infringement

Although not explicitly alleged, plaintiff's Complaint can be construed as asserting a copyright claim against the government. The Court of Federal Claims has exclusive jurisdiction to entertain copyright claims against the United States pursuant to 28 U.S.C. § 1498(b) (2000).

### 1. The Copyright Act

■ The United States Constitution empowers Congress to "promote the Progress of Science and useful Arts, by securing for limited Times to Authors and Inventors the exclusive Right to their respective Writings and Discoveries...." U.S. Const. art. I, § 8, cl. 8. Pursuant to its constitutional authority, Congress passed, and the president signed into law, the Copyright Act of 1976 ("Copyright Act"), Pub.L. No. 94–553, 90 Stat. 2541 (codified as amended at 17 U.S.C. §§ 101–805, 1001–1205 (2000)). The Copyright Act provides copyright protection for "original works of authorship fixed in any tangible medium of expression, now known or later developed, from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device...." 17 U.S.C. § 102(a). A copyright in a work protected by the Copyright Act "vests initially in the author or authors of the work," *id.* § 201(a), except in the case of a work made for hire, *id.* § 201(b). To prove copyright infringement, a plaintiff must show (1) ownership of a valid copyright and (2) copying by the alleged infringer. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 361, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991).

Under the Copyright Act, a copyright owner cannot bring an action for infringement of a copyright until either the copyright is registered in accordance with the relevant provisions of the Copyright Act or the Copyright

Office has refused to register the copyright. 17 U.S.C. § 411(a). The provisions of 17 U.S.C. § 411(a) are jurisdictional. *See Int'l Trade Mgmt., Inc. v. United States,* 553 F.Supp. 402, 403 (Cl.Ct.1982). However, the provisions of 17 U.S.C. § 411(a) have been interpreted in two different ways with respect to jurisdiction. One line of cases holds that 17 U.S.C. § 411(a) requires that a copyright owner actually register the copyright or receive an actual denial of registration prior to instituting suit. *See, e.g., La Resolana Architects, PA v. Clay Realtors Angel Fire,* 416 F.3d 1195, 1200–02, 1205 (10th Cir.2005); *Mays & Assocs. Inc. v. Euler,* 370 F.Supp.2d 362, 368–69 (D.Md.2005); *Loree Rodkin Mgmt. Corp. v. Ross–Simons, Inc.,* 315 F.Supp.2d 1053, 1055 (C.D.Cal.2004); *Gerig v. Krause Publ'ns, Inc.,* 33 F.Supp.2d 1304, 1306 (D.Kan.1999); *Int'l Trade Mgmt., Inc.,* 553 F.Supp. at 403. The other line of cases holds that only an application for copyright registration is required to bring suit. *See, e.g., Positive Black Talk Inc. v. Cash Money Records Inc.,* 394 F.3d 357, 365 (5th Cir. 2004); *Iconbazaar, L.L.C. v. Am. Online, Inc.,* 308 F.Supp.2d 630, 634 (M.D.N.C.2004); *Int'l Kitchen Exhaust Cleaning Ass'n v. Power Washers of N. Am.,* 81 F.Supp.2d 70, 72 (D.D.C.2000). None of these cases are binding on this court.[4]

Lacking any binding authority, this court must look to the statute itself to determine its meaning. The cardinal rule in interpreting a statute is that "courts must presume that a legislature says in a statute what it means and means in a statute what is says there." *Conn. Nat'l Bank v. Germain,* 503 U.S. 249, 253–54, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992). A court begins its inquiry by examining the text of the statute. *Lamie v. United States Trustee,* 540 U.S. 526, 534, 124 S.Ct. 1023, 157 L.Ed.2d 1024 (2004). "Unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning" at the time Congress enacted the statute. *Perrin v. United States,* 444 U.S. 37, 42, 100 S.Ct. 311, 62 L.Ed.2d 199 (1979). When the statutory language is

clear, a court's inquiry is complete. *Conn. Nat'l Bank,* 503 U.S. at 254, 112 S.Ct. 1146.

The relevant portion of 17 U.S.C. § 411(a) provides:

> [N]o action for infringement of the copyright in any United States work shall be instituted until registration of the copyright claim has been made in accordance with this title. In any case, however, where the deposit, application, and fee required for registration have been delivered to the Copyright Office in proper form and registration has been refused, the applicant is entitled to institute an action for infringement if notice thereof, with a copy of the complaint, is served on the Register of Copyrights.

As a condition to bringing suit, the plain language of the statute requires either the registration of the copyright or the Copyright Office's refusal to register the copyright. *See La Resolana Architects, PA,* 416 F.3d at 1200–01. Accordingly, the court holds that actual copyright registration, or the denial of copyright registration, is required prior to bringing suit for copyright infringement.

## 2. The Case *Sub Judice*

■ If the court construes plaintiff's Complaint as asserting copyright infringement of his name by the government, plaintiff must establish that the copyright is registered in accordance with the relevant provisions of the Copyright Act or the Copyright Office has refused to register the copyright. 17 U.S.C. § 411(a). Plaintiff has proffered no evidence of copyright registration nor the denial of copyright registration; plaintiff has not even asserted that he sought copyright registration in his Complaint or the attached documentation. Thus, this court lacks jurisdiction over any claims plaintiff might be asserting pursuant to 28 U.S.C. § 1498(b).

## IV. CONCLUSION

**Accordingly, for the reasons stated above, plaintiff's application to proceed *in forma pauperis* is DENIED.**

---

4. While the Court of Federal Claims possesses the exclusive jurisdiction to entertain copyright infringement suits against the United States, 28 U.S.C. § 1498(b), the court encounters a limited number of copyright cases. Thus, binding precedent is scarce. Accordingly, the court, when necessary, looks to the nonbinding, but persuasive, case law from other circuits.

Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction. The Clerk of the Court is directed to enter a judgment in favor of defendant.

**IT IS SO ORDERED.**